## ANTHONY CARTER *v.* COMMISSIONER OF CORRECTION
### (AC 27912)

DiPentima, McLachlan and Gruendel, Js.

Argued January 22—officially released March 18, 2008

*Anthony Carter*, pro se, the appellant (petitioner).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, *James E. Thomas*, former state's attorney, and *Jo Anne Sulik*, senior assistant state's attorney, for the appellee (respondent).

### Opinion

PER CURIAM. The pro se petitioner, Anthony Carter, appeals following the denial of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. We dismiss the appeal.

In 2002, the jury found the petitioner guilty of assault in the first degree in violation of General Statutes § 53a-59 (a) (5), attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (5), risk of injury to a child in violation of General Statutes § 53-21 (a) (1) and criminal possession of a firearm in violation of General Statutes § 53a-217 (a) (1). The trial court rendered judgment accordingly and sentenced the petitioner to a total effective term of twenty-seven years incarceration. This court

affirmed that judgment in *State* v. *Carter*, 84 Conn. App. 263, 853 A.2d 565, cert. denied, 271 Conn. 932, 859 A.2d 931 (2004), cert. denied, 544 U.S. 1066, 125 S. Ct. 2529, 161 L. Ed. 2d 1120 (2005).

The petitioner subsequently filed a petition for a writ of habeas corpus in which he raised fourteen claims.[1] In her return, the respondent, the commissioner of correction, denied those allegations and submitted that the petitioner was procedurally defaulted as to ten of those claims. The habeas court held a trial over two days in January, 2006. Following that trial, the court agreed with the respondent that the petitioner was procedurally defaulted as to ten of the claims raised in his petition, determining in each instance that the petitioner failed to demonstrate either good cause for his failure to raise the claim at trial or on direct appeal or actual prejudice resulting from the claimed impropriety. It further concluded that the petitioner had not satisfied his burden of proving deficient performance on the part of trial and appellate counsel or prejudice resulting

---

[1] In his fourth amended petition for a writ of habeas corpus, the petitioner claimed that (1) there was insufficient evidence to prove beyond a reasonable doubt the element of intent for assault in the first degree; (2) the prosecution knowingly elicited perjured testimony during the criminal trial; (3) prosecutorial impropriety transpired; (4) his arrest warrant contained false statements and material omissions in violation of *Franks* v. *Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978); (5) the trial court impermissibly amended the information on the charge of assault in the first degree during its instruction to the jury; (6) his arrest was illegal on the charge of attempt to commit assault in the first degree; (7) the trial court improperly instructed the jury on the element of intent; (8) the conviction of assault in the first degree and risk of injury to a child is legally inconsistent; (9) the conviction of assault in the first degree and attempt to commit assault in the first degree violates the constitutional protection against double jeopardy; (10) General Statutes § 53a-59 is unconstitutionally vague; (11) General Statutes § 53-21 is unconstitutionally vague; (12) he received ineffective assistance of trial counsel; (13) he received ineffective assistance of appellate counsel; and (14) he was actually innocent of the crime of assault in the first degree. Although his petition originally contained a fifteenth claim in which he sought independent review of four claims presented in his direct appeal, the petitioner withdrew that claim during the habeas trial.

therefrom. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). As to the petitioner's claim that the prosecution knowingly elicited perjured testimony during his criminal trial, the court noted that the petitioner had provided no testimony or exhibits in support thereof, thereby precluding meaningful review. Finally, the court concluded that the petitioner failed to meet his burden of proving actual innocence with clear and convincing evidence that no reasonable fact finder would conclude that the petitioner was guilty of the crime of assault in the first degree. Accordingly, the court denied the petition for a writ of habeas corpus. The court subsequently denied the petition for certification to appeal.

Before we may reach the merits of the petitioner's claim that the court improperly decided the issues raised in his petition for a writ of habeas corpus, he first must establish that the court abused its discretion in denying the petition for certification to appeal. See *Sadler* v. *Commissioner of Correction*, 90 Conn. App. 702, 703, 880 A.2d 902, cert. denied, 276 Conn. 902, 884 A.2d 1025 (2005). To do so, a petitioner must demonstrate "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). After a careful review of the record and briefs, we conclude that the petitioner has not met that substantial burden. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991); *Simms* v. *Warden*, supra, 616.

The appeal is dismissed.