ANTHONY CARTER *v.* COMMISSIONER
OF CORRECTION
(AC 28712)

Harper, Beach and Robinson, Js.

Argued April 25—officially released July 22, 2008

*Anthony Carter*, pro se, the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, was *Kevin T. Kane*, chief state's attorney, for the appellee (respondent).

*Opinion*

BEACH, J. The pro se petitioner, Anthony Carter, appeals following the denial of certification to appeal from the judgment dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court abused its discretion in denying certification to appeal and improperly dismissed his petition as a successive petition pursuant to Practice Book § 23-29 (3).[1] We conclude that the record is inadequate to

---

[1] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition . . . ."

review the petitioner's claim and, therefore, dismiss the appeal.[2]

The following facts and procedural history are relevant to the petitioner's appeal. In 2002, the jury found the petitioner guilty of assault in the first degree in violation of General Statutes § 53a-59 (a) (5), attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (5), risk of injury to a child in violation of General Statutes § 53-21 (a) (1) and criminal possession of a firearm in violation of General Statutes § 53a-217 (a) (1). The trial court rendered judgment accordingly and sentenced the petitioner to a total effective term of twenty-seven years incarceration. This court affirmed that judgment in *State* v. *Carter*, 84 Conn. App. 263, 853 A.2d 565, cert. denied, 271 Conn. 932, 859 A.2d 931 (2004), cert. denied, 544 U.S. 1066, 125 S. Ct. 2529, 161 L. Ed. 2d 1120 (2005).

In 2004, the petitioner filed his first petition for a writ of habeas corpus in which he raised fourteen claims.[3]

---

[2] The petitioner additionally claims on appeal that the court abused its discretion in denying certification to appeal when it (1) required him to meet the criteria set forth in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), as a prerequisite to granting certification to appeal, (2) raised, sua sponte, the issue of res judicata and (3) dismissed the petition on the ground of res judicata pursuant to Practice Book § 23-29. We carefully have considered these three claims and summarily conclude that they have no merit.

[3] The petitioner amended his first petition several times. In his fourth amended petition for a writ of habeas corpus, the petitioner claimed that (1) there was insufficient evidence to prove beyond a reasonable doubt the element of intent for assault in the first degree, (2) the prosecution knowingly elicited perjured testimony during the criminal trial, (3) prosecutorial impropriety transpired, (4) his arrest warrant contained false statements and material omissions in violation of *Franks* v. *Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), (5) the trial court impermissibly amended the information on the charge of assault in the first degree during its instruction to the jury, (6) his arrest was illegal on the charge of attempt to commit assault in the first degree, (7) the trial court improperly instructed the jury on the element of intent, (8) the conviction of assault in the first degree and risk of injury to a child is legally inconsistent, (9) the conviction of assault in the first degree and attempt to commit assault in the first degree

That petition was denied by the habeas court. The petitioner then appealed following the court's denial of his petition for certification to appeal. This court dismissed that appeal in *Carter* v. *Commissioner of Correction*, 106 Conn. App. 464, 942 A.2d 494 (2008). In that decision, this court noted that, following a two day trial in January, 2006, "the [habeas] court agreed with the respondent [commissioner of correction] that the petitioner was procedurally defaulted as to ten of the claims raised in his petition, determining in each instance that the petitioner failed to demonstrate either good cause for his failure to raise the claim at trial or on direct appeal or actual prejudice resulting from the claimed impropriety. It further concluded that the petitioner had not satisfied his burden of proving deficient performance on the part of trial and appellate counsel or prejudice resulting therefrom. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). As to the petitioner's claim that the prosecution knowingly elicited perjured testimony during his criminal trial, the [habeas] court noted that the petitioner had provided no testimony or exhibits in support thereof, thereby precluding meaningful review. Finally, the [habeas] court concluded that the petitioner failed to meet his burden of proving actual innocence with clear and convincing evidence that no reasonable fact finder would conclude that the petitioner was guilty of the crime of assault in the first degree. Accordingly, the court denied the petition for a writ of habeas corpus. The court subsequently denied the petition for certification to appeal." *Carter* v. *Commissioner of Correction*, supra, 465–66.

violates the constitutional protection against double jeopardy, (10) General Statutes § 53a-59 is unconstitutionally vague, (11) General Statutes § 53-21 is unconstitutionally vague, (12) he received ineffective assistance of trial counsel, (13) he received ineffective assistance of appellate counsel and (14) he was actually innocent of the crime of assault in the first degree.

The petitioner filed a second petition for a writ of habeas corpus on March 6, 2007. In a supplemental memorandum attached to his petition, the petitioner raised four claims.[4] In support of two of those claims, that the prosecuting authority had deliberately deceived the court and jurors in order to obtain the petitioner's conviction and that his trial counsel was ineffective, the petitioner offered in the memorandum in support of his second petition evidence from the first habeas trial. The evidence consisted of transcribed excerpts of the testimony of two Hartford police detectives and supporting police reports the petitioner obtained from the Hartford police allegedly after he had heard the detectives' testimony at his first habeas trial. The court summarily dismissed the petitioner's second petition on its own motion, without an evidentiary hearing and before the respondent had filed her reply. The court stated in its judgment of dismissal that "[a]fter having reviewed the above-captioned petition, the court finds the petition to be res judicata and dismisses the petition pursuant to Practice Book § 23-29 (3).[5] See *Carter* v. *Commissioner of Correction*, Superior Court, judicial district of Tolland, Docket No. CV-04-4000182-S (May 4, 2006), which was denied on May 4, 2006, by Judge Stanley Fuger." The court subsequently denied the petition for certification to appeal. This appeal followed.

The petitioner later filed a motion for articulation as to the court's denial of his petition for certification

[4] In his second petition for a writ of habeas corpus, the petitioner claimed that (1) the prosecuting authority deliberately deceived the court and jurors in order to obtain the petitioner's conviction, (2) the state's argument on direct appeal deliberately deceived the Appellate Court in order to have the petitioner's conviction affirmed, (3) the petitioner's trial counsel rendered ineffective assistance when he failed to call certain adverse witnesses and (4) the petitioner's trial counsel rendered ineffective assistance when he failed to object to the prosecutor's false or misleading argument to the jury.

[5] "Res judicata" in the context of habeas corpus actions has a more narrow scope than in most contexts. It is clear that the habeas court in this case applied the more narrow standard, as expressed in Practice Book § 23-29 (3).

to appeal, and the court responded that "[t]his court reviewed [the] petitioner's renewed effort to seek habeas corpus relief, again premised on claims of ineffective assistance of counsel, arising from the identical convictions, and concluded [that] the doctrine of res judicata applied to preclude [the] petitioner from continuing to relitigate the same claims. . . . The court concluded [that] it would be an abuse of discretion to grant the petition for certification to appeal because none of the *Lozada* v. *Deeds* [498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991)] criteria are met."

The dispositive issues in this appeal are whether the petitioner's second petition is successive, that is, whether it was founded on the same grounds as those raised in his first petition and, if so, whether the petition is nonetheless supported by newly discovered evidence that was not discoverable at the time of the first habeas trial with the exercise of due diligence. Because the record is inadequate to permit appellate review of the petitioner's claim that his second petition is based on new evidence, we decline to reach the merits of his claim.

"Our Supreme Court has stated that [i]n our case law, we have recognized only one situation in which a court is not legally required to hear a habeas petition. In *Negron* v. *Warden*, [180 Conn. 153, 158, 429 A.2d 841 (1980)], we observed that, pursuant to Practice Book § 531 [now § 23-29], [i]f a previous application brought on the same grounds was denied, the pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing. We emphasized the narrowness of our construction of Practice Book § 531 [now § 23-29] by holding that dismissal of a second habeas petition without an evidentiary hearing is improper if the petitioner either raises new claims or offers new facts or evidence. . . . *Negron* therefore

strengthens the presumption that, absent an explicit exception, an evidentiary hearing is always required before a habeas petition may be dismissed. . . .

"We recently explained that Practice Book § 23-29 provides in relevant part: The judicial authority may, at any time, upon its motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or [to] proffer new evidence not reasonably available at the time of the prior petition . . . . In this context, a ground has been defined as sufficient legal basis for granting the relief sought. . . .

"[A] petitioner may bring successive petitions on the same legal grounds if the petitions seek different relief. . . . But where successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition." (Citation omitted; internal quotation marks omitted.) *Mejia* v. *Commissioner of Correction*, 98 Conn. App. 180, 188–89, 908 A.2d 581 (2006); see also *McClendon* v. *Commissioner of Correction*, 93 Conn. App. 228, 231–32, 888 A.2d 183 (affirming habeas court's dismissal of petitioner's second petition for writ of habeas corpus because petitioner failed to allege factual support for allegations contained in petition unavailable to him at time of original habeas petition; likewise, at hearing on motion to dismiss filed by respondent, petitioner offered no evidence facts alleged unavailable while original habeas petition pending), cert. denied, 277 Conn. 917, 895 A.2d 789 (2006).

The general grounds for relief in this petition are the same as previously alleged: prosecutorial impropriety and ineffective assistance of counsel. The allegedly new

evidence the petitioner relies on is the testimony of two Hartford police detectives, which was elicited at the petitioner's first habeas trial. The detectives allegedly testified regarding a police theory as to a particular bullet that was responsible for striking the victim, as well as the location of its shell casing. In his supporting memorandum, the petitioner asserts the general claim that "this petition is based on new facts or evidence not reasonably available at the time of the prior petition." He does not, however, offer any supporting facts as to why, with the exercise of due diligence, this evidence was not discoverable at the time of the original petition. At oral argument before this court, the petitioner asserted that he had requested to amend his first habeas petition upon hearing the detectives' testimony but that his request had been denied by the habeas court. The petitioner, however, did not file with this court a transcript of the relevant portions of his first habeas trial. Without a complete record, we are unable to determine whether the allegedly new evidence reasonably could have been incorporated into the petitioner's original petition. We cannot render a decision without first having "specific findings of fact to determine the basis of the court's ruling." *State* v. *Rios*, 30 Conn. App. 712, 715, 622 A.2d 618 (1993). The petitioner has not taken the necessary steps to sustain his burden of providing an adequate record for appellate review. See *State* v. *Ortiz*, 47 Conn. App. 333, 342–43, 705 A.2d 554 (1997), cert. denied, 244 Conn. 902, 710 A.2d 175 (1998). We therefore decline to review the petitioner's claim.

The appeal is dismissed.

In this opinion the other judges concurred.