STATE OF CONNECTICUT *v*. ANTHONY CARTER
(AC 30281)

DiPentima, C. J., and Gruendel and Dupont, Js.

Argued April 19—officially released July 13, 2010

*Anthony Carter,* pro se, the appellant (defendant).

*Timothy J. Sugrue,* senior assistant state's attorney, with whom, on the brief, was *Gail P. Hardy,* state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The pro se defendant, Anthony Carter, appeals from the judgment of the trial court denying his motion to correct an illegal sentence filed pursuant to Practice Book § 43-22.[1] He challenges the propriety of that determination in light of his allegation that the court, in sentencing him, relied on inaccurate information. We affirm the judgment of the trial court.

The defendant's prosecution arose from "the terrible consequences of a drug turf war," in which a stray bullet fired from the defendant's gun struck and seriously injured a seven year old girl. *State* v. *Carter,* 84 Conn. App. 263, 265, 853 A.2d 565, cert. denied, 271 Conn. 932, 859 A.2d 931 (2004), cert. denied, 544 U.S. 1066, 125 S.

---

[1] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

Ct. 2529, 161 L. Ed. 2d 1120 (2005). Following a jury trial, the defendant was convicted of assault in the first degree in violation of General Statutes § 53a-59 (a) (5), attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (5), risk of injury to a child in violation of General Statutes § 53-21 (a) (1) and criminal possession of a firearm in violation of General Statutes § 53a-217 (a) (1), and the court rendered judgment accordingly. The court sentenced the defendant to a total effective term of twenty-seven years incarceration.

A direct appeal to this court followed. In affirming the judgment of conviction, we concluded, inter alia, that the evidence adduced at trial was sufficient to establish that the defendant "shot the victim." Id., 270. The defendant thereafter filed a petition for a writ of habeas corpus in which he raised fourteen claims, including one of actual innocence. The habeas court denied that petition and subsequently denied the petition for certification to appeal. This court dismissed the appeal from that judgment in *Carter* v. *Commissioner of Correction*, 106 Conn. App. 464, 942 A.2d 494, cert. denied, 288 Conn. 906, 953 A.2d 651 (2008). The defendant later filed a second petition for a writ of habeas corpus, which the habeas court denied on res judicata grounds. This court dismissed the defendant's appeal therefrom due to the lack of an adequate record. *Carter* v. *Commissioner of Correction*, 109 Conn. App. 300, 307, 950 A.2d 619 (2008).

On November 21, 2007, the defendant filed a motion to correct an illegal sentence predicated on his allegation that the trial judge at sentencing relied on inaccurate information. Specifically, the defendant maintained that the court improperly considered an argument that the prosecutor made to the jury during closing argument that certain evidence suggested that the defendant had

fired a nine millimeter firearm.[2] In so doing, he expressly relied on the decision of this court in *State* v. *McNellis*, 15 Conn. App. 416, 444, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988), in which we stated that "[s]entences imposed in an illegal manner have been defined as being 'within the relevant statutory limits but . . . imposed in a way which violates defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . *or his right to be sentenced by a judge relying on accurate information* or considerations solely in the record, or his right that the government keep its plea agreement promises . . . .' [8A J. Moore, Federal Practice (2d Ed. 1984) para. 35.03 [2], pp. 35–36 through 35–37]." (Emphasis added.)[3] In response, the state filed an opposition and a hearing followed on May 12, 2008.

[2] The defendant's claim centers on his assertion that certain evidence introduced during a subsequent habeas proceeding established that he had fired a .45 caliber firearm, rather than a nine millimeter one. His claim overlooks the fact that the crime of which he was convicted regarding the shooting of the victim required the state to prove, beyond a reasonable doubt, only that he discharged "a firearm." See General Statutes § 53a-59 (a) (5) ("[a] person is guilty of assault in the first degree when . . . with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of the discharge of a firearm"). It further confounds the fact that this court, in his direct appeal, concluded that the evidence adduced at trial was sufficient to establish that the defendant "shot the victim." *State* v. *Carter*, supra, 84 Conn. App. 270.

[3] In *State* v. *Pagan*, 75 Conn. App. 423, 430 n.9, 816 A.2d 635, cert. denied, 265 Conn. 901, 829 A.2d 420 (2003), this court noted that "[d]uring oral argument, the assistant state's attorney brought to this panel's attention, the case of *State* v. *Francis*, 69 Conn. App. 378, 793 A.2d 1224, cert. denied, 260 Conn. 935, 802 A.2d 88, cert. denied, 537 U.S. 1056, 123 S. Ct. 630, 154 L. Ed. 2d 536 (2002). In *Francis*, the panel held that the trial court lacked jurisdiction to consider the defendant's claim under Practice Book § 43-22 where the motion to correct the illegal sentence did not attack the validity of the sentence as exceeding the maximum statutory limits, did not violate a mandatory minimum sentence, did not violate double jeopardy rights and was neither ambiguous nor internally contradictory. Id., 384. The holding in *Francis* is not consistent with *State* v. *McNellis*, supra, 15 Conn. [App.] 444. *McNellis* has not been overruled by an en banc panel of this court or by our Supreme Court." See also *State* v. *Dixson*, 93 Conn. App. 171, 176 n.6, 888 A.2d 1088, cert. denied, 277 Conn. 917, 895 A.2d 790 (2006); *State* v.

On July 8, 2008, the court rendered its decision orally, stating in relevant part: "I have reviewed all of the exhibits admitted on May 12, 2008; I've read them in their entirety. I've also read the transcript of the May 12, 2008 hearing. . . . And also, most importantly, I've reviewed the complete transcript of the sentencing proceeding conducted by this court . . . almost six years ago, on August 2, 2002. And I have read and reread the presentence investigation report. As I stated at that time, the presentence report was indeed a very thorough and comprehensive report prepared by the [office] of adult probation. And in that report is a statement of the defendant's position; that is, Mr. Carter's position. And under [his] version and much of what was raised in this motion was discussed and that was set forth in that portion of the presentence report. I've also . . . taken judicial notice of the court file, and I've read the motion, the objection, the briefs, the reply and including the last supplemental pleading filed by the [defendant] on May 16, 2008. I have also reviewed the authorities which are set forth in the pleadings, the documents that have been filed. Based on my complete review, very frankly, I can find absolutely no support whatsoever

*Lawrence*, 91 Conn. App. 765, 774 n.10, 882 A.2d 689 (2005), aff'd, 281 Conn. 147, 913 A.2d 428 (2007).

The conflict has ended. *State* v. *Parker*, 295 Conn. 825, 992 A.2d 1103 (2010), provided our Supreme Court with an "opportunity to directly address [a claim that a sentence was imposed in an illegal manner] under [Practice Book] § 43-22 [on which] there is a split of authority in the Appellate Court as to whether trial courts have jurisdiction to correct sentences on that basis . . . ." Id., 833–34. In resolving that query in the affirmative, the court cited *McNellis* with approval and quoted that decision in setting forth the distinction between an illegal sentence and a sentence imposed in an illegal manner. Id., 838–40. The court thereafter stated that "due process precludes a sentencing court from relying on materially untrue or unreliable information in imposing a sentence." Id., 843. In light of that statement and mindful that the issue of subject matter jurisdiction is resolved with the presumption in favor of entertaining the action; *State* v. *Alexander*, 269 Conn. 107, 112–13, 847 A.2d 970 (2004); we reject the state's alternative assertion that the appeal must be dismissed for lack of jurisdiction.

for [the defendant's] claim on the instant motion. . . . [J]ust reviewing the record in this matter and all of the exhibits, there is just nothing whatsoever to indicate that the court was furnished or relied on any misstated or fallacious or inaccurate information. . . . On that basis, the court feels compelled to deny the motion and to sustain the state's objection thereto. The court can find no basis in the record or in the law on which to rule otherwise." From that judgment, the defendant appeals.

"We review claims that the court improperly denied the defendant's motion to correct an illegal sentence under an abuse of discretion standard." (Internal quotation marks omitted.) *State* v. *Henderson*, 93 Conn. App. 61, 66, 888 A.2d 132, cert. denied, 277 Conn. 927, 895 A.2d 800 (2006). "In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Citations omitted.) *State* v. *Leonard*, 31 Conn. App. 178, 190, 623 A.2d 1052, cert. granted on other grounds, 226 Conn. 912, 628 A.2d 985 (1993) (appeal withdrawn January 7, 1994).

On our careful review of the record, we cannot conclude that the court abused its discretion in the present case. The record is bereft of any indication that the court actually relied on the allegedly inaccurate information at sentencing. See *State* v. *Parker*, 295 Conn. 825, 843 n.12, 992 A.2d 1103 (2010) (sentencing court demonstrates actual reliance on misinformation when court gives explicit attention to it, bases sentence at least in part on it or gives specific consideration to information before imposing sentence). In that respect, we note that Judge Mulcahy presided over the defendant's trial, his sentencing and the motion to correct an illegal sentence now before us. We credit his diligent review of the relevant proceedings. We further note

that the allegedly inaccurate information on which the defendant's motion is predicated is a statement made by the prosecutor during summation at trial. Such comments do not constitute evidence; *Vajda* v. *Tusla*, 214 Conn. 523, 538, 572 A.2d 998 (1990); *State* v. *Pagan*, 75 Conn. App. 423, 430, 816 A.2d 635, cert. denied, 265 Conn. 901, 829 A.2d 420 (2003); as the court acknowledged in its oral decision. Absent evidence to the contrary, we presume that the court properly applied that law. See *Farrell* v. *Farrell*, 36 Conn. App. 305, 313, 650 A.2d 608 (1994). Indulging every reasonable presumption in favor of the court's ruling as our standard of review requires, we conclude that the court did not abuse its discretion in denying the motion to correct.

The judgment is affirmed.