STATE OF CONNECTICUT *v.* ANTHONY CARTER*

Superior Court, Judicial District of Hartford
File No. CR-01-0553550

* Affirmed. *State* v. *Carter*, 139 Conn. App. 91, 55 A.3d 771 (2012).

Memorandum filed July 27, 2011

*Proceedings*

*Anthony Carter*, pro se, the defendant.

*Gail P. Hardy*, state's attorney, for the state.

GOLD, J. The court has before it the following motions filed by the defendant: (1) a motion to correct an illegal sentence, dated October 8, 2010, later amended by a similarly entitled motion dated April 29, 2011; (2) two motions to open and set aside the judgment, dated respectively December 16, 2010, and June 3, 2011; and (3) a pleading entitled "Bill in Equity," dated May 20, 2011.[1] Each of these motions, in primary part, reflects yet another attempt by the defendant to challenge his 2002 conviction and sentence through his advancement of a "conspiracy/perjury/misconduct theory"[2] alleged by him to have undermined the fairness of his trial and to have involved the Hartford police department, the Hartford state's attorney's office and the trial court. This theory has been the subject of a previous motion to correct an illegal sentence, filed with the trial court in 2007, as well as multiple petitions

---

[1] These motions all relate to the defendant's conviction for assault in the first degree in violation of General Statutes § 53a-59 (a) (5), attempt to commit assault in the first degree in violation of §§ 53a-49 (a) (2) and 53a-59 (a) (5), risk of injury to a child in violation of General Statutes § 53-21 (a) (1) and criminal possession of a firearm in violation of General Statutes § 53a-217 (a) (1), as well as the corresponding twenty-seven year term of imprisonment imposed by the trial court, *Mulcahy, J.*, on August 2, 2002.

[2] *Carter* v. *Commissioner of Correction*, Superior Court, judicial district of Tolland, Docket No. CV-07-4002005-S (January 22, 2010) (*Nazzaro, J.*).

for a writ of habeas corpus, and has been summarily rejected in each and every forum both at the trial court level and on appeal.[3] After consideration of the present motions, this court concludes that, with the exception of the second issue in his motion to correct, all of the defendant's claims have been ruled upon in prior proceedings and the doctrine of collateral estoppel therefore precludes their relitigation here. As to the second issue in the motion to correct, the court concludes that it lacks jurisdiction to consider the defendant's claim. Accordingly, and as explained hereinafter, the defendant's motions are dismissed in their entirety.

I

MOTION TO CORRECT

The defendant filed the present motion to correct and accompanying memorandum in support thereof dated October 8, 2010, as well as an amended request for relief dated April 29, 2011. In the motion, the defendant raises three claims: (1) his sentences for assault in the first degree and attempted assault in the first degree are illegal because they violate the principles against double jeopardy; (2) his sentence for assault in the first degree was illegally imposed because it violates the

---

[3] *State* v. *Carter*, Superior Court, judicial district of Hartford, Docket No. CR-01-553550 (April 28, 2005) (*Hon. John F. Mulcahy, Jr.*, judge trial referee) (motion for new trial and judgment of acquittal); *Carter* v. *Commissioner of Correction*, Superior Court, judicial district of Tolland, Docket No. CV-04-4000182-S (May 4, 2006) (*Fuger, J.*) (first petition for writ of habeas corpus), appeal dismissed, 106 Conn. App. 464, 942 A.2d 494, cert. denied, 288 Conn. 906, 953 A.2d 651 (2008); *Carter* v. *Commissioner of Correction*, 109 Conn. App. 300, 950 A.2d 619 (2008) (dismissing appeal from second petition for writ of habeas corpus); *State* v. *Carter*, Superior Court, judicial of Hartford, Docket No. CR-01-0553550 (July 8, 2008) (*Hon. John F. Mulcahy, Jr.*, judge trial referee) (oral decision on motion to correct an illegal sentence), aff'd, 122 Conn. App. 527, 998 A.2d 1217 (2010) (per curiam), cert. denied, 300 Conn. 915, 13 A.3d 1104 (2011); *Carter* v. *Commissioner of Correction*, Superior Court, judicial district of Tolland, Docket No. CV-07-4002005 (January 22, 2010) (*Nazzaro, J.*) (third petition for writ of habeas corpus).

equal protection clause of the state and federal constitutions; and (3) his sentences were illegally imposed because the state's attorney failed to disclose to the judicial authority information favorable to the defendant. The court concludes that the defendant's first and third claims are barred by collateral estoppel, and that his second claim is not properly raised by way of a motion to correct.

The defendant's first issue, that his sentences for assault in the first degree and attempted assault in the first degree violate the principles against double jeopardy, was raised in the defendant's first petition for a writ of habeas corpus. The habeas court, *Fuger, J.*, addressed the claim in the context of a procedural default analysis, a default the defendant sought to overcome by alleging that his trial and appellate counsel were ineffective for failing to address the double jeopardy issue at his trial and on direct appeal. The habeas court determined that there was no reason for either counsel to have raised the double jeopardy issue because there was no merit to the claim. *Carter* v. *Commissioner of Correction*, Superior Court, judicial district of Tolland, Docket No. CV-04-4000182-S (May 4, 2006) (*Fuger, J.*), appeal dismissed, 106 Conn. App. 464, 942 A.2d 494, cert. denied, 288 Conn. 906, 953 A.2d 651 (2008).

The defendant's third issue, concerning the state's attorney's failure to disclose information favorable to the defendant, has been fully litigated in prior proceedings as well. This issue—which although not specifically labeled as such essentially involves an alleged violation of *Brady* v. *Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)—generally concerns alleged inconsistencies between certain ballistics evidence offered against the defendant at trial and the contents of multiple reports relating to that evidence prepared by Hartford police Detective Edwin Soto that the defendant

contends were not disclosed to him prior to trial. In the defendant's third habeas action, the court, *Nazzaro, J.*, considered this broad claim in its entirety and determined that any information allegedly withheld was immaterial and that any inconsistencies were "picayune" and at best nothing more than "scrivener's errors." *Carter* v. *Commissioner of Correction*, Superior Court, judicial district of Tolland, Docket No. CV-07-4002005-S (January 22, 2010) (*Nazzaro, J.*).

Because the defendant's double jeopardy and *Brady* issues have previously been heard and decided, this court must first decide whether the doctrine of collateral estoppel bars their reconsideration here. "The common-law doctrine of collateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy, the stability of former judgments and finality. . . . Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment. . . .

"An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered. . . . If an issue has been determined, but the judgment is not dependent [on] the determination of the issue, the parties may relitigate the issue in a subsequent action." (Internal quotation marks omitted.) *State* v. *Almedina*, 119 Conn. App. 46, 51–52, 986 A.2d 1109, cert. denied, 295 Conn. 911, 989 A.2d 1074 (2010).

Applying these principles to the present case, the court concludes that the first and third issues contained within the defendant's motion to correct are barred by the doctrine of collateral estoppel. The first habeas court, *Fuger, J.*, through its procedural default analysis, necessarily rejected the same double jeopardy claim that the defendant seeks to reassert in the present motion to correct. Similarly, the third habeas court, *Nazzaro, J.*, through its analysis, rejected the defendant's contention that exculpatory or other favorable evidence and reports had been wrongfully withheld from him at trial. In each of these proceedings, the defendant's claim was fully and fairly litigated before the court, was actually decided by that court, and was necessary to that court's ultimate judgment. As such, the defendant is not entitled now simply to recycle these claims and have yet another court consider them. Rather, the claims are barred by collateral estoppel and therefore must be dismissed.

Finally, as to the second claim in the motion to correct, the defendant alleges that his sentence for assault in the first degree was illegally imposed because it violates the equal protection clause of the state and federal constitutions. Before the merits of this claim can be addressed, the court must determine whether it has jurisdiction to consider the defendant's claim. "Jurisdiction involves the power in a court to hear and determine the cause of action presented to it . . . ." (Internal quotation marks omitted.) *State* v. *Lawrence*, 281 Conn. 147, 153, 913 A.2d 428 (2007). "It is axiomatic that, in a criminal case, the jurisdiction of the sentencing court terminates once a defendant's sentence has begun and a court may no longer take any action affecting a sentence unless it expressly has been authorized to act. . . . Pursuant to Practice Book § 43-22: The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed

in an illegal manner or any other disposition made in an illegal manner." (Citation omitted; internal quotation marks omitted.) *State* v. *Pierce*, 129 Conn. App. 516, 522, 21 A.3d 877, cert. denied, 302 Conn. 915, 27 A.3d 368 (2011).

"Sentences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed in a way which violates [the] defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises . . . ." (Internal quotation marks omitted.) *State* v. *McNellis*, 15 Conn. App. 416, 444, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988). "[T]hese enumerated examples [however] would not encompass rights or procedures subsequently recognized as mandated by federal due process. . . . Nor would those examples encompass procedures mandated by state law that are intended to ensure fundamental fairness in sentencing, which, if not followed, could render a sentence invalid. Therefore, the examples cited in *McNellis*, are not exhaustive and the parameters of an invalid sentence will evolve." (Citations omitted.) *State* v. *Parker*, 295 Conn. 825, 839–40, 992 A.2d 1103 (2010).

Here, the defendant seeks to attack the constitutionality of a penal statute and not the sentencing proceeding itself. Such challenges do not fall within the scope of the trial court's jurisdiction for a motion to correct a sentence imposed in an illegal manner; see *State* v. *Henderson*, 93 Conn. App. 61, 74–75, 888 A.2d 123, cert. denied, 277 Conn. 927, 895 A.2d 800 (2006); even with due consideration given to the expansion contemplated by the Supreme Court in *State* v. *Parker*, supra, 295 Conn. 839–40. This court, therefore, does not possess jurisdiction to consider the merits of the defendant's

equal protection claim within the context of the defendant's motion to correct.[4]

## II

## MOTIONS TO OPEN AND SET ASIDE JUDGMENT

Pursuant to General Statutes § 52-212a[5] and Practice Book § 17-4,[6] the defendant filed a motion to open and set aside the judgment dated December 16, 2010, and a second motion to open and set aside the judgment dated June 3, 2011.[7] As a general rule, such motions must be filed within four months of the date of judgment. This time constraint, however, has been held not to apply in circumstances in which the challenged judgment was procured by fraud. *Kenworthy* v. *Kenworthy*, 180 Conn. 129, 131, 429 A.2d 837 (1980). As a result, and in order to circumvent the four month rule, the defendant recites allegations of fraud in each of his motions to open—in the first motion accusing the state of perpetrating a fraud during the defendant's trial in 2002, and in the second motion seemingly accusing the court of perpetrating a fraud on itself during its consideration of the defendant's first motion to correct

[4] The court's conclusion in this regard is not altered in any way by the defendant's amended request for relief asserted within his April 29, 2011 motion to correct.

[5] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ."

[6] Practice Book § 17-4 provides in relevant part: "(a) Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent. The parties may waive the provisions of this subsection or otherwise submit to the jurisdiction of the court. . . ."

[7] Although a motion to open is more commonly utilized in civil cases, there is Supreme Court precedent for its use in the criminal setting as well. *State* v. *Wilson*, 199 Conn. 417, 437, 513 A.2d 620 (1986).

an illegal sentence filed in 2007. In the opinion of *this* court, however, neither of these allegations withstands scrutiny, and indeed, the factual predicate underlying each claim of fraud has been previously considered and rejected in prior proceedings. Consequently, because no fraud has been demonstrated, the motions to open are untimely filed and this court is without jurisdiction to consider them.

In his December 16, 2010 motion to open, the defendant attempts, yet again, to shoehorn his conspiracy theory concerning ballistics evidence and reports prepared by the Hartford police department about that evidence into a cognizable claim under our law and procedural rules. As discussed previously, however, the fraud the defendant alleges to have occurred was necessarily addressed by the habeas court, *Nazzaro, J.*, in denying the defendant's third habeas petition. Given that collateral estoppel precludes the defendant's relitigation of the claim that such a conspiracy existed,[8] and given the absence of any other allegation of fraud, there is no fraud that would allow consideration of the defendant's motion beyond the four month limitation period.

In his June 3, 2011, motion to open, the defendant alleges that the denial of his 2007 motion to correct an illegal sentence was obtained through constructive fraud committed by the court itself. As asserted by the defendant, the fraud occurred when the court, *Mulcahy, J.*, issued its ruling on the defendant's first motion to correct.[9] In that 2007 motion, the defendant alleged that the court had sentenced the defendant on the basis of inaccurate information that related to the nature of the

---

[8] See *State* v. *Bonner*, 110 Conn. App. 621, 631–32, 955 A.2d 625 (issue decided in prior legal proceeding under same legal principles and concerning same police activity barred by collateral estoppel), cert. denied, 289 Conn. 955, 961 A.2d 421 (2008).

[9] Judge Mulcahy presided over the defendant's trial and imposed sentence in 2002, and also ruled upon the defendant's first motion to correct in 2007.

firearm used to injure the victim. In rejecting that claim and denying the motion to correct, the court stated that in sentencing the defendant, "[it] gave no indication that it was relying . . . on anything to do with the caliber of the gun or any bullet that—or spent shell which was recovered at the scene." July 8, 2008 transcript, p. 10.

The defendant now argues that the court's statement in this regard constituted a "constructive fraud," because, apparently, the defendant has come to conclude in his mind that the court in imposing sentence *did* rely on the fact that a nine millimeter firearm was used. Putting aside the question of precisely how the defendant has been able to divine the court's true intent,[10] the simple fact remains that the defendant's allegation (which, in any event, would fall far short of constituting the type of fraud necessary to permit the consideration of a motion to open beyond the four month limitation) has already been considered and rejected in prior court proceedings. In affirming the court's denial of the 2007 motion to correct, the Appellate Court stated: "The record is bereft of any indication that the court actually relied on the allegedly inaccurate information at sentencing. . . . In that respect, we note that Judge Mulcahy presided over the defendant's trial, his sentencing and the motion to correct an illegal sentence now before us. We credit his diligent review of the relevant proceedings." (Citation omitted.) *State v. Carter*, 122 Conn. App. 527, 532, 998 A.2d 1217 (2010), cert. denied, 300 Conn. 915, 13 A.3d 1104 (2011). In light of these express findings by both Judge Mulcahy and our Appellate Court, the defendant's attempt to have this court revisit this issue is barred by collateral estoppel.

---

[10] The transcript references set forth in the defendant's motion, presumably offered as evidence of the court's state of mind, lend absolutely no support whatsoever to the defendant's contention.

In sum, because the defendant has filed both of his motions to open well beyond four months after the entry of the judgment he complains of, and because the defendant's claims of fraud are barred by collateral estoppel, this court lacks jurisdiction to consider the motions. Accordingly, the defendant's motions to open dated December 16, 2010, and June 3, 2011, are hereby dismissed.

## III

## BILL IN EQUITY

The defendant has filed a pleading entitled "Bill in Equity," in which he argues that his continued incarceration is "a complete miscarriage of justice." Bill in Equity, p. 5, para. 25. While the court confesses some uncertainty as to the precise nature of this claim, it appears that the defendant seeks on due process grounds to challenge the sufficiency of the proof against him, and, in particular, the extent to which that proof is "in accordance and consistent with the allegations of the [Hartford police department]." Bill in Equity, p. 4, para. 23.

To begin, this court is unaware of any so-called "Bill of Equity" or similarly entitled pleading under our criminal statutes or rules of practice that would be available to a defendant seeking to vacate a criminal conviction or sentence.[11] Absent such a foundation, this court lacks jurisdiction to entertain the defendant's claim or to take any action upon his conviction and sentence. *State* v. *Pierce*, supra, 129 Conn. App. 522. Moreover, even if such a pleading does exist and is a proper basis for

[11] The court's research has disclosed only infrequent references to bills in equity in our appellate jurisprudence, and even then only within the context of civil cases. The court was unable to find a single reported criminal case in which a bill in equity has been discussed, or for that matter, even the subject of any mention.

jurisdiction, the defendant's claim still cannot be considered here. Both on direct appeal and in his first habeas matter, the defendant raised challenges to the sufficiency of the evidence against him. Given that these claims were rejected in these earlier proceedings, the defendant is collaterally estopped from relitigating them here, regardless of the manner in which he chooses to entitle his pleading.

Accordingly, the defendant's "Bill in Equity" is hereby dismissed.

## IV

## CONCLUSION

For the foregoing reasons, as to the second claim contained in the defendant's motion to correct dated October 8, 2010, the court hereby dismisses the claim for lack of subject matter jurisdiction. As to all other claims advanced by the defendant in his motion to correct, as amended by a motion dated April 29, 2011, and as to all claims contained in the defendant's motions to open dated December 16, 2010, and June 3, 2011, and his pleading entitled "Bill in Equity," the court hereby dismisses these claims based on the principles of collateral estoppel.