# ANTHONY CARTER *v.* COMMISSIONER
# OF CORRECTION
# (AC 32722)

Lavine, Bear and Bishop, Js.

Argued October 27, 2011—officially released February 7, 2012

*Anthony Carter*, pro se, the appellant (petitioner).

*Rocco A. Chiarenza*, deputy assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Jo Anne Sulik*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

BISHOP, J. The petitioner, Anthony Carter, appeals from the judgment of the habeas court dismissing his fourth petition for a writ of habeas corpus. The petitioner claims that the court improperly concluded that, pursuant to Practice Book § 23-29,[1] his claims of ineffective assistance of counsel at sentencing and insufficiency of evidence are successive and barred by the doctrine of res judicata.[2] We reverse in part, and affirm in part, the judgment of the habeas court.

------

[1] Practice Book § 23-29 states in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . .

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . ."

[2] In dismissing the petition, the court stated: "In accordance with Practice Book § 23-29 (3) and (5), the court dismisses this matter on grounds of res judicata and that this petition is successive." It thereafter opined that "[t]he petitioner is abusing the writ of habeas corpus through his attempts to repeatedly litigate claims." Id. Insofar as the respondent, the commissioner of correction, looks to that latter language to support his claims, we conclude that it is extraneous and not part of the habeas court's holding.

The following facts and procedural history are relevant to the petitioner's appeal. In 2002, after a jury trial, the petitioner was found guilty of assault in the first degree in violation of General Statutes § 53a-59 (a) (5), attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (5), risk of injury to a child in violation of General Statutes § 53-21 (a) (1) and criminal possession of a firearm in violation of General Statutes § 53a-217 (a) (1). The trial court rendered judgment accordingly and sentenced the petitioner to a total effective term of twenty-seven years incarceration. A direct appeal to this court followed.

In affirming the judgment of conviction, this court concluded, inter alia, that the evidence adduced at trial was sufficient to support the conviction of assault in the first degree and risk of injury to a child. More specifically, this court stated that the evidence adduced at trial was sufficient to establish that the petitioner "shot the victim." *State* v. *Carter*, 84 Conn. App. 263, 270, 853 A.2d 565, cert. denied, 271 Conn. 932, 859 A.2d 931 (2004), cert. denied, 544 U.S. 1066, 125 S. Ct. 2529, 161 L. Ed. 2d 1120 (2005).

In 2004, the petitioner filed his first petition for a writ of habeas corpus in which he raised fourteen claims.[3]

---

[3] The petitioner amended his first petition several times, finally claiming that (1) there was insufficient evidence to prove beyond a reasonable doubt the element of intent for assault in the first degree, (2) the prosecution knowingly elicited perjured testimony during the criminal trial, (3) prosecutorial impropriety transpired, (4) his arrest warrant contained false statements and material omissions in violation of *Franks* v. *Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), (5) the trial court impermissibly amended the information on the charge of assault in the first degree during its instruction to the jury, (6) his arrest was illegal on the charge of attempt to commit assault in the first degree, (7) the trial court improperly instructed the jury on the element of intent, (8) the conviction of assault in the first degree and risk of injury to a child is legally inconsistent, (9) the conviction of assault in the first degree and attempt to commit assault in the first degree violates the constitutional protection against double jeopardy, (10) § 53a-59 is unconstitutionally vague, (11) General Statutes § 53-21 is uncon-

That petition was denied by the habeas court. The petitioner then appealed following the court's denial of his petition for certification to appeal, claiming that the court abused its discretion in denying his petition for certification and in denying his petition as unfounded. This court dismissed that appeal in *Carter* v. *Commissioner of Correction*, 106 Conn. App. 464, 942 A.2d 494, cert. denied, 288 Conn. 906, 953 A.2d 651 (2008).

The petitioner then filed a second petition for a writ of habeas corpus on March 6, 2007. In a supplemental memorandum attached to his petition, the petitioner raised four claims.[4] The court summarily dismissed the petitioner's second petition on its own motion, without an evidentiary hearing and before the respondent, the commissioner of correction, had filed her reply. The court stated in its judgment of dismissal that "[a]fter having reviewed the above-captioned petition, the court finds the petition to be res judicata and dismisses the petition pursuant to Practice Book § 23-29 (3)." (Internal quotation marks omitted.) *Carter* v. *Commissioner of Correction*, 109 Conn. App. 300, 304, 950 A.2d 619 (2008). The court subsequently denied the petition for certification to appeal. On appeal, this court concluded that the record was inadequate to review the petitioner's claim and, therefore, dismissed the appeal. Id., 307.

stitutionally vague, (12) he received ineffective assistance of trial counsel, (13) he received ineffective assistance of appellate counsel and (14) he was actually innocent of the crime of assault in the first degree. See *Carter* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-04-4000182-S (May 4, 2006).

[4] In his second petition for a writ of habeas corpus, the petitioner claimed that (1) the prosecuting authority deliberately deceived the court and jurors in order to obtain his conviction, (2) the state's argument on direct appeal deliberately deceived the Appellate Court in order to have his conviction affirmed, (3) his trial counsel rendered ineffective assistance when he failed to call certain adverse witnesses and (4) his trial counsel rendered ineffective assistance when he failed to object to the prosecutor's false or misleading argument to the jury. *Carter* v. *Commissioner of Correction*, supra, 109 Conn. App. 304 n.4.

In October, 2007, the petitioner initiated a third habeas action in which he alleged that the state had withheld exculpatory evidence in violation of *Brady* v. *Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). After a full hearing, the habeas court concluded that there was no *Brady* violation and denied the petition. See *Carter* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-07-4002005 (January 22, 2010). The petitioner then appealed following the court's denial of his petition for certification to appeal, and this court subsequently dismissed that appeal in *Carter* v. *Commissioner of Correction*, 131 Conn. App. 905, 28 A.3d 360 (2011).

On November 21, 2007, the petitioner filed a motion to correct an illegal sentence. In his motion, he argued that the trial court, in rendering its sentence, improperly considered an argument the prosecutor had made to the jury during closing argument that certain evidence suggested that the petitioner had fired a nine millimeter firearm. See *State* v. *Carter*, 122 Conn. App. 527, 529–30, 998 A.2d 1217 (2010), cert. denied, 300 Conn. 915, 13 A.3d 1104 (2011). The trial court denied that motion and, after reviewing the record, this court affirmed the judgment, concluding that there was nothing in the record to indicate that the court relied on any misstated or inaccurate information in sentencing the petitioner. Id., 532.

On January 29, 2010, the petitioner initiated the present habeas action. By an amended petition dated March 1, 2010, the petitioner alleged the following: (1) his trial counsel rendered ineffective assistance during sentencing by failing to preserve his right of sentence review, (2) insufficient evidence existed that he had caused the victim's injuries, (3) insufficient evidence existed that he had possessed a firearm and (4) insufficient evidence existed that he had performed an act likely to injure the victim. The habeas court dismissed

the petition on the grounds that his claims constituted a successive petition and were barred by the doctrine of res judicata.[5] The habeas court subsequently granted the petitioner certification to appeal, and this appeal followed.

The petitioner claims that the habeas court improperly dismissed each count of his petition. More specifically, the petitioner asserts that his claims were neither successive nor barred by res judicata because the present petition sought a different form of relief than his previous petitions. He further contends that his claims were not barred by the doctrine of res judicata because his claims were not actually litigated in his prior petitions.

We begin by setting forth our standard of review for a challenge to the dismissal of a petition for a writ of habeas corpus. "The conclusions reached by the trial court in its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, [the reviewing court] must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 566, 941 A.2d 248 (2008). "To the extent that factual findings are challenged, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . ." (Internal quotation marks omitted.) *Grant* v. *Commissioner of Correction*, 121 Conn. App. 295, 298, 995 A.2d 641, cert. denied, 297 Conn, 920, 996 A.2d 1192 (2010).

With that standard in mind, we turn to the court's conclusion that the petitioner's claims were barred by

---

[5] The habeas court's judgment of dismissal stated in relevant part: "In accordance with Practice Book § 23-29 (3) and (5), the court dismisses this matter on grounds of res judicata and that this petition is successive."

the doctrine of res judicata. We begin with an overview
of pertinent legal principles. "The doctrine of res judi-
cata provides that a former judgment serves as an abso-
lute bar to a subsequent action involving any claims
relating to such cause of action which were actually
made or which might have been made. . . . The doc-
trine . . . applies to criminal as well as civil proceed-
ings and to state habeas corpus proceedings. . . .
However, [u]nique policy considerations must be taken
into account in applying the doctrine of res judicata to
a constitutional claim raised by a habeas petitioner.
. . . Specifically, in the habeas context, in the interest
of ensuring that no one is deprived of liberty in violation
of his or her constitutional rights . . . the application
of the doctrine of res judicata . . . [is limited] to claims
that actually have been raised and litigated in an earlier
proceeding." (Internal quotation marks omitted.) *Diaz*
v. *Commissioner of Correction*, 125 Conn. App. 57,
63–64, 6 A.3d 213 (2010), cert. denied, 299 Conn. 926,
11 A.3d 150 (2011).

"[A] petitioner may bring successive petitions on the
same legal grounds if the petitions seek different relief.
. . . But where successive petitions are premised on
the same legal grounds and seek the same relief, the
second petition will not survive a motion to dismiss
unless the petition is supported by allegations and facts
not reasonably available to the petitioner at the time
of the original petition." (Citation omitted; internal quo-
tation marks omitted.) *McClendon* v. *Commissioner of
Correction*, 93 Conn. App. 228, 231, 888 A.2d 183, cert.
denied, 277 Conn. 917, 895 A.2d 789 (2006).

"Identical grounds may be proven by different factual
allegations, supported by different legal arguments or
articulated in different language. . . . They raise, how-
ever, the same generic legal basis for the same relief.
Put differently, two grounds are not identical if they
seek different relief." (Citations omitted.) *James L.* v.

*Commissioner of Correction*, 245 Conn. 132, 141, 712 A.2d 947 (1998). Simply put, an applicant must "show that his application does, indeed, involve a different legal ground, not merely a verbal reformulation of the same ground." (Internal quotation marks omitted.) *Myers* v. *Commissioner of Correction*, 111 Conn. App. 405, 410, 959 A.2d 646 (2008).

With these precepts in mind, we first address the petitioner's claims that the court improperly dismissed counts two through four of his petition, which alleged insufficiency of evidence. The petitioner argues that the evidence produced against him was constitutionally insufficient to sustain the conviction, and he now seeks relief in the form of a judgment of acquittal. In doing so, the petitioner tries to differentiate the presently requested relief from the relief he requested in prior petitions in which he claimed insufficiency of evidence by arguing that seeking a judgment of acquittal is different from seeking relief in the form of a new trial or appeal. Thus, he claims, the present petition is not presented on the same grounds. We are not persuaded by this novel argument.

In his first habeas petition attacking his conviction, the petitioner requested "such other relief [as] law and justice require." As a practical matter, because the petitioner's claim in that first habeas was the insufficiency of evidence leading to his conviction, if he had been successful the only appropriate remedy would have been an order of acquittal—the same relief he now seeks in this fourth petition. The petitioner, nevertheless, cites to *James L.* v. *Commissioner of Correction*, supra, 245 Conn. 141, for the proposition that "two grounds are not identical if they seek different relief." The reason of the law is not so thin, however, as to reward a petitioner merely for rewording the relief requested in two separate petitions, as the petitioner does here, where an order of acquittal would be the

only relief available in the event of success in either petition. Thus, the petitioner cannot circumvent the dismissal of his action by relying on the mere fact that he did not explicitly seek such relief in a prior habeas petition.

The petitioner also argues that the three sufficiency of evidence claims are not barred by res judicata because the claims were not actually litigated in a prior proceeding. A review of the petitioner's prior habeas proceedings and his direct appeal, however, demonstrate otherwise. On direct appeal, this court concluded that sufficient evidence existed to establish that the petitioner "shot the victim" and that, therefore, the petitioner used a firearm to cause the victim's injuries. *State* v. *Carter*, supra, 84 Conn. App. 270–71. Although the petitioner has altered slightly the language used to frame his claims—he now claims that there was insufficient evidence that he possessed a firearm, discharged a firearm or caused the victim's injuries—there is no substantive difference between his current claims and those resolved on direct appeal. The finding on direct appeal that there was sufficient evidence that the petitioner "shot the victim" fully resolves any question relating to the petitioner's current assertions. This determination forecloses his current claims attacking the sufficiency of the evidence that he possessed a firearm, discharged a firearm and caused the injuries to the victim. Therefore, the court properly dismissed the petitioner's counts relating to sufficiency of the evidence. Neither the doctrine of res judicata nor the rule against successive petitions allows a petitioner simply to reword the factual basis underlying a particular claim in order to avoid dismissal.

We now turn to the first count of the petition, which alleged ineffective assistance of sentencing counsel. The petitioner claims that his sentencing counsel rendered ineffective assistance of counsel by failing to

preserve his rights to sentence review and now seeks relief in the form of restoring his right to apply for sentence review. The petitioner argues that this claim is neither successive nor an abuse of the writ because he is seeking relief different from that which he sought in his previous habeas petitions. We agree and, accordingly, reverse the judgment in this respect only.

In response to this claim, the respondent argues that the habeas court properly exercised its discretion in determining that the petitioner's "piecemeal litigation" constituted an abuse of the writ and, therefore, properly dismissed the petition in accordance with Practice Book § 23-29. The respondent further contends that since the petitioner proffered no good reason for waiting more than seven years from the date of his sentence to inquire with the sentencing division regarding review of his sentence, there is no legally sufficient good cause to warrant a hearing at this late date. Although the respondent's arguments may bear on a habeas court's determination of whether to restore the petitioner's right to sentence review, these arguments do not form an adequate basis to deny the petitioner an opportunity for an evidentiary hearing on this particular claim. That is, whether the respondent is correct that the petitioner does not have a valid explanation for failing to timely pursue his sentence review rights and whether such a defense is appropriate to this particular claim are determinations to be made by the habeas court after an evidentiary hearing and not by this court on review.

In his first habeas petition, the petitioner claimed ineffective assistance of trial and appellate counsel for reasons unrelated to sentence review. In that petition, the petitioner sought relief in the form of a new trial and appeal. Furthermore, in his second habeas petition, the petitioner claimed ineffective assistance of counsel relating to trial counsel's actions during trial and sought

relief in the form of a new trial.[6] The petition was dismissed as successive and barred by the doctrine of res judicata. The petitioner did not claim ineffective assistance of counsel in his third habeas petition. In the present petition, the petitioner claims counsel was ineffective for failing to preserve his right to sentence review, and he seeks the restoration of those rights, which form the basis of a distinct form of relief that he did not seek in any of his prior petitions. He is entitled to be heard in regard to this claim for relief.

The judgment is reversed only as to count one of the petition alleging ineffective assistance of counsel and the case is remanded for further proceedings according to law. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

---

[6] Count three of the petitioner's second habeas petition claims that his trial counsel rendered ineffective assistance of counsel in violation of the petitioner's sixth and fourteenth amendment rights by failing to call adverse witnesses and raising the only viable defense available to the petitioner. In regard to count three the petitioner requested relief in the form of a new trial or a release from prison.