STATE OF CONNECTICUT *v.* RICHARD V. GRISGRABER

BOGDANSKI, PETERS, HEALEY, SHEA and WRIGHT, Js.

Argued January 7—decision released April 7, 1981

*Louis S. Avitabile,* for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, was *Stephen H. Solomson,* assistant state's attorney, for the appellee (state).

BOGDANSKI, J. On May 3, 1979, the defendant entered pleas of guilty to two counts of larceny in the first degree in violation of General Statutes § 53a-122.[1] The pleas resulted from plea bargaining negotiations wherein the prosecution agreed to make no sentence recommendation "one way or the other." On June 15, 1979, after the prosecution had made extensive comments concerning the seriousness of the crimes charged, which comments,

---

[1] General Statutes § 53a-122 provides that: "(a) A person is guilty of larceny in the first degree when: (1) The property or service, regardless of its nature and value, is obtained by extortion, or (2) the value of the property or service exceeds two thousand dollars."

however, did not include any specific sentencing recommendation, the court imposed a sentence of six to twelve years for each offense, to be served concurrently. From the judgments rendered, the defendant appealed. Thereafter, on October 15, 1979, the defendant filed a writ of error coram nobis requesting the trial court to vacate the judgments on the ground of misrepresentation by the prosecution as to plea bargaining and sentencing.

The trial court denied the writ of error coram nobis and, in its memorandum of decision, indicated that the defendant had his recourse to appeal the original judgments, or that he could bring habeas corpus proceedings if he felt that his constitutional rights had been infringed upon by the prosecution's alleged misrepresentations. The court, however, did not rule on the merits of the defendant's claim on the ground that the writ of error coram nobis was not a viable alternative in this case.

On his appeal, the defendant takes issue both with the judgments and with the sentencing of the court, *McKeever, J.,* on the larceny convictions, and the denial by the court, *Kulawiz, J.,* of his motion for a writ of error coram nobis.

We find that the only judgment reviewable by this court is the one in which the court, *Kulawiz, J.,* refrained from ruling on the defendant's substantive claims because of the unavailability of the writ of error coram nobis in this case. Because we hear no evidence and can make no findings of fact, we are limited to a review of the actual rulings of the trial court. *Pelc v. Danbury,* 166 Conn. 364, 366, 349 A.2d 825 (1974). We cannot rule on the merits of the defendant's claim of misrepresentation.

A writ of error coram nobis is an ancient common-law remedy which authorized the trial judge, within three years, to vacate the judgment of the same court if the party aggrieved by the judgment could present facts, not appearing in the record, which, if true, would show that such judgment was void or voidable. *Montville* v. *Alpha Mills Co.,* 86 Conn. 229, 233, 84 A. 933 (1912). See *Hurlbut* v. *Thomas,* 55 Conn. 181, 182, 10 A. 556 (1887); *Jeffrey* v. *Fitch,* 46 Conn. 601, 604 (1879). The facts must be unknown at the time of the trial without fault of the party seeking relief. *State* v. *Becker,* 263 Minn. 168, 115 N.W.2d 920 (1962).

A writ of error coram nobis lies only in the unusual situation where no adequate remedy is provided by law. *State* v. *Poierier,* 212 Or. 369, 320 P.2d 255 (1958), overruled on other grounds, *State* v. *Endsley,* 214 Or. 537, 331 P.2d 338 (1958); 18 Am. Jur. 2d, Coram Nobis § 12. Thus, such a writ has been held not to be available when a proper remedy is afforded by an appeal; *Barber* v. *United States,* 142 F.2d 805 (4th Cir.), cert. denied, 322 U.S. 741, 64 S. Ct. 1054, 88 L. Ed. 1574 (1944); or by a motion in arrest of judgment. *People* v. *Sadness,* 300 N.Y. 69, 89 N.E.2d 188 (1949), cert. denied, 338 U.S. 952, 70 S. Ct. 483, 94 L. Ed. 587 (1950). Moreover, when habeas corpus affords a proper and complete remedy the writ of error coram nobis will not lie. *State* v. *Becker,* supra; *State* v. *Huffman,* 207 Or. 372, 297 P.2d 831 (1956), overruled on other grounds, *State* v. *Endsley,* supra; *Houston* v. *State,* 7 Wis. 2d 348, 96 N.W.2d 343 (1959).

The trial court held that the defendant could appeal the original judgment. Since, however, there is no record for us to review, because the trial court

refused to rule on the substance of this claim, it is impossible for us to consider this matter on appeal, and, thus, this appeal is not a viable alternative for the defendant to take.

The trial court further held that the defendant may bring habeas corpus proceedings. That remedy, however, is only available to one who is "confined or deprived of his liberty." General Statutes § 52-466. The parties have entered into a stipulation that the defendant is confined in prison. A habeas corpus action will therefore be proper. Since this is an available remedy, the writ of error coram nobis does not lie.

There is no error.

In this opinion the other judges concurred.