[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pro se petitioner Donald Fields, Sr. brought this petition, which was filed in the Superior Court at Waterbury although the petition states that it is for the Superior Court for the Judicial District of Tolland.
Petitioner, although pro se now, was represented by counsel during a trial in this court in which he was found guilty by a jury on October 1, 1991 of burglary, first degree in violation of § 53a-101(a)(2); assault of a victim over 60 in violation of § 53a-61(a) and unlawful restraint in violation of § 53a-95(a). On these charges he was sentenced on November 22, 1991 by Judge Jerrold Barnett to 17 years on the first count; 1 year on the second count and 5 years on the third count, all to run concurrently for a total effective sentence of 17 years, 5 years of which is not suspendable or reducible. Appellate counsel was appointed and an appeal taken, and the conviction affirmed by the Appellate Court in May of 1993. Sentence was also reviewed by the Sentence Review Division and upheld. Habeas corpus proceeding are currently pending and a hearing thereon is scheduled in November, 1994.
A writ of error coram nobis is an ancient common law remedy which authorized vacation of a judgment within three years if the party aggrieved by the judgment could present facts, not appearing in the record, which, if true, would show that such judgment was void or voidable. State v. Grisgraber, 183 Conn. 383,385 (1981) citing Montville v. Alpha Mills Co., 86 Conn. 229,233 (1912) and Hurlbut v. Thomas, 55 Conn. 181 (1887).
A writ of error coram nobis lies only in the unusual situation when no adequate remedy is provided by law. State v.Grisgraber, supra. In the instant case, an appeal was taken that could have raised issues recited in this petition. Furthermore, a habeas corpus proceeding is presently pending. When habeas corpus affords a proper remedy, the writ of coram robis will not lie.State v. Becker, 263 Minn. 168 (1962); State v. Huffman, 207 Or. 372
(1956).
Therefore, this petition is denied.
KULAWIZ, J. CT Page 9929