[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS PETITION FORWRIT OF ERROR CORAM NOBIS
While the writ of error coram nobis arguably exists in Connecticut, the writ must be filed within three years of the date that judgment was rendered. State v. Grisgraber, 183 Conn. 383,385, 439 A.2d 377 (1981). In the present case, the petitioner entered the guilty pleas which are the subject of the petition in 1975, 1977, 1978 and 1979. The petitioner argues that the three year limitation period is unconstitutional and at odds with the law in other jurisdictions. See, e.g., United Statesv. Hirabayashi, 828 F.2d 591 (9th Cir. 1987) (writ granted after 45 years based on newly discovered evidence). Nevertheless, the limitations period was established by the Supreme Court, and this court cannot overrule the Supreme Court and abolish the limitation period.
While the statute of limitations issue is ordinarily raised by way of a special defense, this court lacks subject matter jurisdiction over the petition because it is powerless to grant the relief sought by the petitioner; McCallum v. Inland WetlandsCommission, 196 Conn. 218, 225, 492 A.2d 508 (1985); due to the expiration of the three year limitations period. Therefore, the State's motion to dismiss is granted. CT Page 7000
FORD, JUDGE