[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On or about December 16, 1976 William T. Evans, petitioner, entered a plea of guilty to the charge of Escape in the Second Degree a violation of Conn. General Statute § 53a-170 and was sentenced on said offense on or about January 22, 1977.
The defendant comes before this court by way of Writ of Error Coram Nobis, and claims that the underlying facts of his case do not comport with the statutory elements of the crime for which he was convicted.
The state claims that the Writ must be brought within three years of the entry of judgment and is untimely.
A Writ of Error Coram Nobis is an ancient common law remedy which authorized the trial judge within three years, to vacate the judgment of the same court if the party aggrieved by the CT Page 9702 judgment could present facts, not appearing in the record, which if true, would show that such judgment was void or voidableState v. Grisgraber, 183 Conn. 383, 385.
The judgment in this matter entered on January 22, 1977. More than 20 years have elapsed from the time of the entry of judgment to the filing of the Writ.
It is clear that the 20 year hiatus far exceeds the three year limitation of the common law writ and therefore the Writ of Error Coram Nobis is found to be untimely.
In the event that, upon review, it is determined that the three year limitation is not applicable, the court will consider the alternative criteria of the Writ.
A Writ of Error Coram Nobis lies only in the unusual situation where no adequate remedy is provided by law. State v.Grisgraber, supra, 385.
It is the burden of the petitioner to supply the court with an adequate record. The petitioner in his Writ makes no representation as to the absence of any other remedy. An Appeal or a Writ of Habeas Corpus may have provided an alternative remedy. The court makes no inference from this silence. The court concludes, however, that the record before this court is insufficient for this court to find no adequate remedy at law.
In order to support such a Writ of Error, the facts must be unknown at the time of trial without fault of the party seeking relief supra, 385. The court finds that the Writ is not appropriate in the instant case in that the "facts" were known at the time of the plea as was the statutory criteria.
The purported circumstances may demand a remedy, but it is not by way of the Writ of Error.
The Writ of Error is DENIED.
MIANO, J.