## STATE OF CONNECTICUT *v.* MITCHELL HENDERSON
### (SC 16463)

Sullivan, C. J., and Katz, Palmer, Mihalakos and Ronan, Js.

Argued October 23, 2001—officially released January 8, 2002

*Michael Stone*, special public defender, for the appellant (defendant).

*Timothy J. Sugrue*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Victor J. Carlucci, Jr.*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Mitchell Henderson, appeals from the judgment of the trial court, *Clifford, J.*, claiming that the trial court improperly denied his writ of error coram nobis. We affirm the trial court's judgment.

1

The record discloses the following relevant facts and procedural history. In 1993, the defendant was convicted, after a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134 (a) (3), assault in the third degree in violation of General Statutes § 53a-61 (a) (1), threatening in violation of General Statutes § 53a-62 (a) (1) and attempt to escape from custody in violation of General Statutes §§ 53a-171, 53a-168 (2) and 53a-49. In addition, the defendant pleaded guilty to criminal mischief in the third degree in violation of General Statutes § 53a-117 (a) (1) (A), to being a persistent dangerous felony offender in violation of General Statutes § 53a-40 (a) and to being a persistent dangerous felony offender in violation of General Statutes (Rev. to 1993) § 53a-40 (b) and (g). Thereafter, the defendant directly appealed from the trial court's judgment to the Appellate Court, which affirmed the judgment of conviction. *State* v. *Henderson*, 37 Conn. App. 733, 658 A.2d 585 (1995). The defendant then filed an unsuccessful petition for certification to appeal to this court. *State* v. *Henderson*, 234 Conn. 912, 660 A.2d 355 (1995).[1]

On November 15, 1999, the defendant, acting pro se, filed with the Superior Court a writ of error coram nobis, wherein he claimed that the canvass of him by the trial court, *Espinosa, J.*, on the subject of his self-representation at his criminal trial was deficient and, therefore, violated his right to due process. Specifically, the defendant alleged that his trial counsel had been unprepared for trial, necessitating his decision to proceed pro se at his criminal trial and that Judge Espinosa's canvass of him on the subject of that decision was inadequate. The writ was heard by Judge Clifford who, relying on *State* v. *Grisgraber*, 183 Conn. 383, 439 A.2d

---

[1] In addition, the defendant had appealed from the denial of a habeas corpus petition to the Appellate Court. *Henderson* v. *Commissioner of Correction*, Appellate Court, Docket No. AC 21756. That appeal subsequently was dismissed on December 10, 2001.

377 (1981), ultimately denied the writ. This appeal followed.

On appeal, the defendant claims that Judge Clifford improperly: (1) denied the writ of error coram nobis on the basis that it had been filed before the improper judge, specifically, a judge other than the judge who presided over the defendant's criminal trial; (2) denied the writ on the basis that it had been filed beyond the three year time limit; see id., 385; and (3) denied the writ on the basis that the defendant had not exhausted all of his remedies, specifically, that the habeas corpus petitions being pursued by the defendant provided adequate remedies. We affirm the trial court's judgment.

As a preliminary matter, we conclude that we have subject matter jurisdiction over this claim. This court has in the past entertained an appeal from an order denying a writ of error coram nobis. See id., 384. We therefore conclude that such an order is an appealable final judgment over which we have jurisdiction.

"A writ of error coram nobis is an ancient common-law remedy which authorized the trial judge, within three years, to vacate the judgment of the same court if the party aggrieved by the judgment could present facts, not appearing in the record, which, if true, would show that such judgment was void or voidable. *Montville* v. *Alpha Mills Co.*, 86 Conn. 229, 233, 84 A. 933 (1912). . . . The facts must be unknown at the time of the trial without fault of the party seeking relief. *State* v. *Becker*, 263 Minn. 168, 115 N.W.2d 920 (1962)." (Citations omitted.) *State* v. *Grisgraber*, supra, 183 Conn. 385. "A writ of error coram nobis lies only in the unusual situation where no adequate remedy is provided by law. . . . Moreover, when habeas corpus affords a proper and complete remedy the writ of error coram nobis will not lie." (Citations omitted.) Id.

The defendant first claims that Judge Clifford improperly denied his writ on the basis that it was heard by Judge Clifford, rather than by Judge Espinosa. In particular, the defendant claims that the specific judge who considers the writ is "immaterial." Although we do not agree with the defendant's claim that Judge Clifford denied the writ on that basis,[2] we do agree that the specific judge before whom the writ is heard is immaterial.

In *Grisgraber*, we stated that a writ of error coram nobis "authorize[s] the *trial* judge, within three years, to vacate the judgment of the *same court* . . . ." (Emphasis added.) Id., 385. To interpret this to mean that the same judge who presided over the trial of the defendant is the only judge with the authority to entertain a writ of error coram nobis filed by this particular defendant would be, in many cases, impracticable. Moreover, if the particular judge who presided over a case was not available to entertain a writ for any number of reasons, such as retirement or reassignment, such an interpretation effectively could deprive a party of the remedy of a writ of error coram nobis, because no other judge would have subject matter jurisdiction over the writ. We conclude, therefore, that the language cited in *Grisgraber* authorizing "the trial judge . . . to vacate the judgment of the same court"; id.; should be interpreted to mean not only the same judge who presided over the trial, but any judge of the same court, namely, the Superior Court. Accordingly, in the present

---

[2] At the conclusion of the March 1, 2000 hearing on the writ of error coram nobis, Judge Clifford stated: "But in looking at the case *Grisgraber*, it indicates that it authorizes a trial judge within three years to vacate [the] judgment of the same court if the party aggrieved could demonstrate by facts not appearing on the record that the judgment was void or voidable. I understand, as [Assistant State's] Attorney [Victor] Carlucci is indicating, I'm not really the same court. It really is Judge Espinosa. But there also appears on the language a requirement that it be done within three years."

case, the writ of error coram nobis was properly before Judge Clifford, a judge of the Superior Court.

With respect to the remaining two issues, we conclude that Judge Clifford properly denied the writ because it was filed well beyond the three year limitation period recognized in *Grisgraber*. The underlying judgment of conviction was rendered by the trial court, *Espinosa, J.*, on September 15, 1993; the defendant, however, did not file the writ until November 15, 1999, more than six years after the judgment of conviction.

Finally, Judge Clifford properly concluded that not only did the defendant have adequate remedies provided by law available to him, namely, habeas corpus actions, but that the defendant was actually pursuing such remedies at that time.[3] See id.

Therefore, after careful review of the records, briefs and oral arguments, we conclude that the trial court properly denied the defendant's writ.

The judgment is affirmed.

---

[3] Indeed, in *Henderson* v. *Commissioner of Correction*, Appellate Court, Docket No. AC 21756, the defendant, as a petitioner for habeas corpus, claimed, inter alia, ineffective assistance of counsel on appeal for failure to raise the issue of Judge Espinosa's alleged constitutionally defective canvass. In *Henderson* v. *Warden*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV94-0544836S, the defendant, as a petitioner for habeas corpus, raised the same claim with respect to his standby counsel at his criminal trial.