STATE OF CONNECTICUT *v.* ANTHONY CARTER
(AC 34414)
(AC 34487)

Lavine, Beach and Bear, Js.

Argued February 21—officially released April 23, 2013

*Anthony Carter*, pro se, the appellant (petitioner).

*Kathryn W. Bare*, assistant state's attorney, with whom, on the brief, was *Gail P. Hardy*, state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. These consolidated appeals arise from the judgments of the trial court denying the petitions for a writ of error coram nobis filed by the self-represented petitioner, Anthony Carter. On appeal, the petitioner claims that the trial court erred by denying his petitions for a writ of error coram nobis (1) in the absence of a written "objection" from the respondent, the state of Connecticut, and (2) by applying a three year limitation period. We conclude that the trial court lacked subject matter jurisdiction over the petitions and therefore should have rendered judgments dismissing them.

The following facts and procedural history are relevant on appeal. The petitioner was involved in a drug turf shooting during which a seven year old girl was struck by a stray bullet. See *State* v. *Carter*, 84 Conn. App. 263, 265, 853 A.2d 565, cert. denied, 271 Conn. 932, 859 A.2d 931 (2004), cert. denied, 544 U.S. 1066, 125 S. Ct. 2529, 161 L. Ed. 2d 1120 (2005). In 2002, following a jury trial, the petitioner was convicted of assault in the first degree in violation of General Statutes § 53a-59 (a) (5), attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (5), risk of injury to a child in violation of General Statutes § 53-21 (a) (1), and criminal possession of a firearm in violation of General Statutes § 53a-217 (a) (1). Id. In addition to a direct appeal, the petitioner has filed numerous collateral attacks on his judgment of conviction.[1]

On December 1, 2011, the self-represented petitioner filed a petition for a writ of error coram nobis requesting that the court correct errors of fact regarding a motion

[1] Subsequent to his conviction and direct appeal, the petitioner filed four petitions for a writ of habeas corpus in our state courts. See *Carter* v. *Commissioner of Correction*, 133 Conn. App. 387, 35 A.3d 1088, cert. denied, 307 Conn. 901, 53 A.3d 217 (2012); *Carter* v. *Commissioner of Correction*, 131 Conn. App. 905, 28 A.3d 360 (2011), cert. denied, 303 Conn. 938, 37 A.3d 153 (2012); *Carter* v. *Commissioner of Correction*, 109 Conn. App. 300, 950 A.2d 619 (2008); *Carter* v. *Commissioner of Correction*, 106 Conn. App. 464, 942 A.2d 494, cert. denied, 288 Conn. 906, 953 A.2d 651 (2008). The petitioner also filed an unsuccessful motion to correct an illegal sentence. See *State* v. *Carter*, 122 Conn. App. 527, 998 A.2d 1217 (2010), cert. denied, 300 Conn. 915, 13 A.3d 1104 (2011). The petitioner also sought collateral relief in the federal District Court. See *Carter* v. *Dzurenda*, United States District Court, Docket No. 3:04cv1691 (JBA) (D. Conn. July 29, 2005), reconsideration denied, United States District Court, Docket No. 3:04cv1691 (JBA) (D. Conn. October 25, 2005), cert. denied, 549 U.S. 879, 127 S. Ct. 365, 166 L. Ed. 2d 138 (2006). The petitioner recently filed the necessary forms to file a successive petition for a writ of habeas corpus in the federal court. See *Carter* v. *Haupt*, United States Court of Appeals, Docket No. 12-4102, application for petition for writ of habeas corpus (2d Cir. October 26, 2012).

in limine "heard on May 2, 2002, which, if known at the time judgment was rendered, would have prevented its rendition."[2] The court, *Alexander, J.*, denied the petition on December 16, 2011, noting that the petition was "filed *after* the three year limitation." (Emphasis in original.) The court denied the petitioner's motion for reconsideration on January 3, 2012.

On January 4, 2012, the petitioner filed a second petition for a writ of error coram nobis requesting that the court correct errors of fact regarding his motion for a judgment of acquittal after verdict heard on August 2, 2002.[3] Judge Alexander denied the second petition on January 5, 2012, and the petitioner's motion for reconsideration on January 26, 2012. The petitioner filed separate appeals from the judgments denying his petitions for a writ of error coram nobis, and this court sua sponte ordered that the appeals be consolidated.

"A writ of error coram nobis is an ancient common-law remedy which authorized the trial judge, *within three years*, to vacate the judgment of the same court if the party aggrieved by the judgment could present facts, not appearing in the record, which, if true, would show that such judgment was void or voidable. . . . The facts must be unknown at the time of the trial without fault of the party seeking relief. . . . A writ of error coram nobis lies only in the unusual situation where no adequate remedy is provided by law. . . . Moreover, when habeas corpus affords a proper and complete remedy the writ of error coram nobis will

---

[2] The petitioner's defense counsel filed the motion in limine with respect to "items marked E-1 through E-15 on the chart prepared by the Hartford Police Department on July 18, 2001. The items consist of spent casings from a .45 caliber weapon, spent casings from a .9 mm weapon and a bullet." (Internal quotation marks omitted.) The court, *Mulcahy, J.*, denied the motion in limine.

[3] The petitioner filed the motion for acquittal as a self-represented party. The court, *Mulcahy, J.*, denied the motion for a judgment of acquittal.

not lie." (Citations omitted; emphasis added; internal quotation marks omitted.) *State* v. *Henderson,* 259 Conn. 1, 3, 787 A.2d 514 (2002). "[S]uch a writ has been held not to be available when a proper remedy is afforded by an appeal . . . ." *State* v. *Grisgraber,* 183 Conn. 383, 385, 439 A.2d 377 (1981).

Judge Alexander denied the first petition on the ground that it was not filed within three years. The petitioner does not contend that the filing of the first petition was timely, but that the court improperly ruled on the petition prior to the respondent's having filed an "objection." Judge Alexander did not state a reason for denying the second petition, but the record reveals that it too was filed well beyond the three year limitation period. See *State* v. *Burney,* 288 Conn. 548, 560, 954 A.2d 793 (2008) (court may rely on any ground supported by record to support judgment). The petitioner does not contend otherwise.

The three year limitation for the filing of a petition for a writ of error coram nobis has been the law in Connecticut for more than 130 years. See *State* v. *Das,* 291 Conn. 356, 370, 968 A.2d 367 (2009); *State* v. *Henderson,* supra, 259 Conn. 3; *State* v. *Grisgraber,* supra, 183 Conn. 385; *Hurlbut* v. *Thomas,* 55 Conn. 181, 182–83, 10 A. 556 (1887); *Jeffery* v. *Fitch,* 46 Conn. 601, 604 (1879); *State* v. *William C.,* 135 Conn. App. 466, 468–69, 41 A.3d 1205 (2012). More importantly, the three year limitation period is jurisdictional. See *State* v. *William C.,* supra, 468–69. A court may raise an issue of subject matter jurisdiction sua sponte at any time because it implicates the court's authority to act. *State* v. *Carey,* 222 Conn. 299, 305, 610 A.2d 1147 (1992). The petitions for a writ of error coram nobis disclose on their face that they were not filed within three years of the petitioner's conviction, which is all that was needed to bring the jurisdictional matter to the court's attention. Moreover, the petitioner has not identified any statute or rule of

practice requiring that the court hold a hearing before acting on an untimely petition for a writ of error coram nobis.[4]

In these cases, because the court lacked jurisdiction over the petitions for a writ of error coram nobis, it should have rendered judgments dismissing the petitions.[5] See *State* v. *Ramos*, 306 Conn. 125, 142, 49 A.3d 197 (2012).

The form of the judgments is improper; the judgments are reversed and the cases are remanded with direction to render judgments of dismissal.

---

[4] In his brief on appeal, the petitioner relies on *Telesco* v. *Telesco,* 187 Conn. 715, 447 A.2d 752 (1982), for the proposition that the court could not act on his petitions prior to the respondent's filing an "objection." *Telesco* was a civil action and is distinguishable on its facts and procedural posture.

[5] In its brief, the respondent offers several alternative grounds on which to affirm the judgments of the trial court, including that, if the writ of error coram nobis ever existed in this state, it may only lie where there is no adequate remedy at law; see, e.g., *State* v. *Grisgraber,* supra, 183 Conn. 385; or that it has been supplanted by other remedies. See, e.g., *State* v. *Das,* supra, 291 Conn. 372. *Assuming* that the writ of error coram nobis exists, we conclude that the court lacked jurisdiction over the petitions at issue herein.