******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* BRADLEY D. SIMPSON
(AC 35881)

DiPentima, C. J., and Alvord and Harper, Js.

*Argued September 23—officially released November 18, 2014*

(Appeal from Superior Court, judicial district of Hartford, geographical area number thirteen, Hon. Howard Scheinblum, judge trial referee.)

*Peter G. Billings*, with whom, on the brief, was *Sean P. Barrett*, for the appellant (defendant).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Christopher A. Parakilas*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. "The three year limitation for the filing of a petition for a writ of error coram nobis has been the law in Connecticut for more than 130 years. . . . More importantly, the three year limitation period is jurisdictional." (Citations omitted.) *State* v. *Carter*, 142 Conn. App. 156, 160, 64 A.3d 366 (2013). The defendant, Bradley D. Simpson, appeals from the judgment of the trial court denying his petition for a writ of error coram nobis.[1] Specifically, he argues that the court improperly refused to hear additional argument and "abruptly denied" his petition. We conclude that because the petition was filed more than three years after the defendant had pleaded guilty and been sentenced, the court lacked jurisdiction to consider the petition. Therefore we remand this case with direction to render a judgment of dismissal.

On February 3, 2006, the defendant pleaded guilty to robbery in the third degree in violation of General Statutes § 53a-136 and assault on an elderly person in the third degree in violation of General Statutes § 53a-61a. During the plea canvass, the court stated: "I must advise you that if you are not a citizen of the United States, the consequences of your plea could lead to deportation, exclusion from admission to the United States, or denial of naturalization." After accepting the defendant's guilty plea, the court sentenced him to a total effective sentence of five years incarceration, suspended after eighteen months and five years of probation.

On March 21, 2013, the defendant filed a motion to withdraw his guilty plea. At a hearing held on April 18, 2013, the court noted that the motion had been withdrawn with prejudice. On June 3, 2013, the defendant filed a motion for a new trial and, in the alternative, petitioned for a writ of error coram nobis.[2] In his accompanying memorandum of law, the defendant alleged that he is a native and citizen of Barbados who lawfully had entered the United States in April, 1981. He further claimed that the United States Bureau of Immigration and Customs Enforcement seized and detained him on or about January 23, 2013, and commenced removal proceedings on the basis of his 2006 conviction.

The defendant alleged that his counsel during the criminal proceedings, Attorney Charles Groce, had not advised him that he would lose his status as a lawful permanent resident and would be subject to removal from the United States as a result of his guilty plea. He further argued that as a result of Groce's failure to advise him of the adverse immigration consequences, he had received ineffective assistance of counsel and requested either a new trial or a writ of error coram nobis. The court denied the defendant's motion and petition on July 18, 2013. This appeal followed.

On appeal, the defendant argues that Groce had provided ineffective assistance of counsel by not informing him that he "would inevitably be deported" as a consequence of his guilty plea. He further contends that all other avenues of relief are unavailable. First, the defendant notes that even if permission to file a late appeal from his guilty plea was granted, his claim of ineffective assistance of counsel cannot be brought on a direct appeal. Second, the defendant states that he cannot satisfy the "in custody" jurisdictional requirement to bring a petition for a writ of habeas corpus. Thus, the defendant maintains that he is "stuck with the consequences of deportation and a writ of error coram nobis is the only adequate remedy available to the defendant." We conclude that the trial court lacked jurisdiction over the defendant's petition for a writ of error coram nobis because it was filed more than three years after his conviction.[3]

"A writ of error coram nobis is an ancient common-law remedy which authorized the trial judge, within three years, to vacate the judgment of the same court if the party aggrieved by the judgment could present facts, not appearing in the record, which, if true, would show that such judgment was void or voidable. . . . The facts must be unknown at the time of the trial without fault of the party seeking relief. . . . A writ of error coram nobis lies only in the unusual situation [in which] no adequate remedy is provided by law. . . . Moreover, when habeas corpus affords a proper and complete remedy the writ of error coram nobis will not lie." (Citations omitted; internal quotation marks omitted.) *State* v. *Das*, 291 Conn. 356, 370–71, 968 A.2d 367 (2009); see also *State* v. *Brooks*, 89 Conn. App. 427, 437–38, 874 A.2d 280 (2005).

In *State* v. *William C.*, 135 Conn. App. 466, 468–69, 41 A.3d 1205 (2012), we rejected an argument that a writ of error coram nobis may be initiated at any time. "[O]ur Supreme Court expressly has indicated that a writ of error coram nobis can only vacate a judgment if brought within three years of the date of judgment. *State* v. *Das*, [supra, 291 Conn. 370] ('[a] writ of error coram nobis is an ancient common-law remedy which authorized the trial judge, *within three years*, to vacate the judgment of the same court' [emphasis in original]); see also *State* v. *Henderson*, 259 Conn. 1, 3, 787 A.2d 514 (2002); *State* v. *Grisgraber*, 183 Conn. 383, 385, 439 A.2d 377 (1981); *Jeffery* v. *Fitch*, 46 Conn. 601, 604 (1879). Because the defendant's writ of error coram nobis was untimely, we conclude that the court properly granted the motion to dismiss filed by the state." *State* v. *William C.*, supra, 468–69. More recently, we expressly held that a trial court lacks jurisdiction to consider a writ of error coram nobis filed more than three years after his conviction. *State* v. *Carter*, supra, 142 Conn. App. 160–61.

In the present case, the defendant pleaded guilty on February 3, 2006, and did not file his petition for a writ of error coram nobis until June 3, 2013, well outside of the three year time period. The trial court, therefore, lacked jurisdiction over the petition for a writ of error coram nobis and should have dismissed, rather than denied, the defendant's petition. See id., 161.

The form of the judgment is improper; the judgment is reversed and the case is remanded with direction to render judgment of dismissal.

[1] Black's Law Dictionary defines "coram nobis" as "[i]n our presence; before us" and explains that "[t]he essence of the common law remedy of coram nobis is that it is addressed to the very court which renders the judgment in which injustice is alleged to have been done, in contrast to appeals or review directed to another court . . . ." Black's Law Dictionary (6th Ed. 1990).

[2] The defendant does not challenge the denial of his motion for a new trial in this appeal.

[3] Although the trial court did not set forth its reasoning for denying the petition for a writ of error coram nobis, it is clear from the record that it was filed outside of the three year limitation period; therefore, we are free to use the basis to support the judgment of the trial court. See *State* v. *Carter*, supra, 142 Conn. App. 160. Further, we note that the issue of subject matter jurisdiction may be raised by a party or by the court, sua sponte, at any time, including the appeal. See *Guerra* v. *State*, 150 Conn. App. 68, 74–75, 89 A.3d 1028, cert. denied, 314 Conn. 903,    A.3d    (2014).