******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* MIGUEL WILLIAMSON
(AC 36451)

Alvord, Keller and Harper, Js.

*Argued December 1, 2014—officially released January 27, 2015*

(Appeal from Superior Court, judicial district of Hartford, geographical area number fourteen, Bentivegna, J.)

*Thomas S. Rome*, for the appellant (defendant).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Mark Brodsky*, senior assistant state's attorney, for the appellee (state).

*Opinion*

KELLER, J. The defendant, Miguel Williamson, appeals from the judgment of the trial court dismissing his petition for a writ of error coram nobis. He claims that the court improperly concluded that it lacked jurisdiction over the petition. We affirm the judgment of the trial court.

The following undisputed facts appear in the record. On August 15, 2012, the defendant pleaded guilty to possession of marijuana with the intent to sell in violation of General Statutes § 21a-277 (b). The court canvassed the defendant, accepted his plea, and sentenced him to a term of incarceration of seven years, execution suspended after eighteen months, followed by three years of probation. On August 13, 2013, seven days before he began to serve the probationary portion of his sentence, the defendant filed a petition for a writ of error coram nobis, in which he alleged, inter alia, that, in connection with his guilty plea, he received ineffective assistance from his trial counsel and that, consequently, he lacked knowledge of the nature of the charge. On this ground, he requested that the judgment of conviction "be reopened and voided" and that he "be given a new opportunity to reach a just resolution to his case." Additionally, the defendant alleged that he was unaware of any other adequate remedy at law.

The state objected to the petition on the ground that the court lacked jurisdiction because the defendant, who began serving the probationary portion of his sentence on August 20, 2013, had an adequate remedy at law, namely, the right to file a petition for a writ of habeas corpus. The defendant filed a written response in which he represented that, upon the commencement of his probation, he was no longer in the custody of the state, but was currently in a facility in Massachusetts, in the custody of the United States Bureau of Immigration and Customs Enforcement, while proceedings to remove him from the United States were underway. Further, the defendant stated that, in these circumstances, his ability to petition for a writ of habeas corpus was not an adequate remedy because it would not afford him "any relief from removal." In a supplemental memorandum of law in support of his petition, the defendant represented that, on November 22, 2013, the United States Immigration Court ordered that he be deported from the United States. The defendant asserted that, under these circumstances in which he was awaiting deportation, the writ of error coram nobis was his only adequate remedy.

On December 19, 2013, the court held a hearing related to the jurisdictional issue, during which it heard arguments from both parties in this case. In its decision,[1] the court set forth the relevant and undisputed facts, and dismissed the petition for a writ of error coram

nobis after concluding as a matter of law that it lacked jurisdiction to entertain the petition. The court determined that the defendant, who was serving a period of probation, had an adequate remedy at law because he had the ability to petition for a writ of habeas corpus. This appeal followed.

Reiterating in substance the arguments he advanced before the trial court, the defendant relies on the fact that, at the time that the court dismissed his petition, he was no longer in the physical custody of the state, but was serving his probation while in federal custody and awaiting deportation from the United States.[2] Without stating that he had the right to petition for a writ of habeas corpus, he asserts that such legal remedy was inadequate given his circumstances because "there is no reasonable and practical prospect for timely adjudication of a prisoner's application for a habeas writ when the prisoner faces immediate forced removal by [the United States Department of Homeland Security]." Underlying the defendant's argument is his belief that, in contrast with a petition for a writ of habeas corpus, a petition for a writ of error coram nobis is the only means of providing practical relief to him in a timely manner so as to thwart his deportation, which was a consequence of his conviction.[3] The state urges us to agree with the trial court that dismissal was proper because the defendant had other legal remedies by which to seek redress, such as a petition for a writ of habeas corpus. Alternatively, the state urges us to conclude that dismissal was proper because, if the writ of error coram nobis existed in the common law, it has been supplanted by other remedies in Connecticut law and therefore is no longer a viable remedy.[4]

"A determination regarding a trial court's subject matter jurisdiction is a question of law and, therefore, we employ the plenary standard of review and decide whether the court's conclusions are legally and logically correct and supported by the facts in the record. . . . [I]t is well established that a reviewing court properly may address jurisdictional claims that neither were raised nor ruled on in the trial court. Indeed, [o]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented. . . . The court must fully resolve it before proceeding further with the case." (Citation omitted; internal quotation marks omitted.) *Warner* v. *Bicknell*, 126 Conn. App. 588, 594, 12 A.3d 1042 (2011). "Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created. . . . Article fifth, § 1 of the Connecticut constitution proclaims that [t]he powers and jurisdiction of the courts shall be defined by law, and General Statutes § 51-164s provides that [t]he superior court shall be the sole court of original jurisdiction for all causes of actions, except such actions over which the courts of

probate have original jurisdiction, as provided by statute. . . . The Superior Court is a constitutional court of general jurisdiction. . . . In the absence of statutory or constitutional provisions, the limits of its jurisdiction are delineated by the common law." (Citations omitted; internal quotation marks omitted.) *State* v. *Lawrence*, 281 Conn. 147, 153, 913 A.2d 428 (2007).

"A writ of error coram nobis is an ancient common-law remedy which authorized the trial judge, within three years, to vacate the judgment of the same court if the party aggrieved by the judgment could present facts, not appearing in the record, which, if true, would show that such judgment was void or voidable. . . . The facts must be unknown at the time of the trial without fault of the party seeking relief. . . . A writ of error coram nobis lies only in the unusual situation [in which] no adequate remedy is provided by law. . . . Moreover, when habeas corpus affords a proper and complete remedy the writ of error coram nobis will not lie." (Citations omitted; internal quotation marks omitted.) *State* v. *Das*, 291 Conn. 356, 370–71, 968 A.2d 367 (2009); see also *State* v. *Henderson*, 259 Conn. 1, 3, 787 A.2d 514 (2002) (writ of error coram nobis unavailable when proper remedy afforded by means of writ of habeas corpus); *State* v. *Grisgraber*, 183 Conn. 383, 385, 439 A.2d 377 (1981) (writ of error coram nobis unavailable when proper remedy afforded by means of appeal).

To the extent that the defendant argues that he was unable to petition for a writ of habeas corpus because he had completed his definite term of incarceration and was serving the probationary portion of his sentence, this argument is legally unsound. Recently, this court rejected a similar argument, concluding that probation constituted a form of legal restraint that satisfied the custody requirement of General Statutes § 52-466. See *State* v. *Stephenson*, 154 Conn. App. 587, 588,      A.3d      (2015) (reversing judgment *denying* petition for writ of error coram nobis and remanding case with direction to *dismiss* petition because defendant serving probation had ability to obtain relief by way of petition for writ of habeas corpus). Neither the defendant's probationary status nor his federal detention impeded his ability to petition for a writ of habeas corpus and, thereby, to raise a claim related to the representation afforded him by his trial counsel in connection with his guilty plea.

To the extent that the defendant argues that a writ of habeas corpus would afford him a "nominal, technical, theoretical, or 'academic' remedy," because it would not provide him with *timely* relief, we are not persuaded. Before the trial court, the defendant argued that the writ of error coram nobis was the only available remedy because the relief he could obtain in connection with a writ of habeas corpus would not occur in time to

prevent his deportation. He argued that even if he obtained relief in the form of a new trial, "there is no conceivable chance, practically speaking, that [his] case could be reopened in time to forestall or vacate his federal removal order." In terms of timeliness, we observe that, although he was convicted on August 15, 2012, he did not file the present petition until August 13, 2013, seven days before he began to serve the probationary portion of his sentence. The defendant filed the petition at issue approximately three months *prior* to the time at which he received his final order of deportation on November 22, 2013, a fact that substantially weakens the force of his argument that the writ of error coram nobis, rather than a writ of habeas corpus, was a necessary remedy in light of the immediacy of his removal.

Additionally, beyond stating his subjective belief that a petition for a writ of habeas corpus would not provide him with timely relief, the defendant did not present any evidence in this regard before the trial court. As the state correctly observes, in the context of a petition for a writ of habeas corpus, the defendant could have requested that the habeas court adjudicate the matter expeditiously. This fact helps to allay reasonable concerns related to timeliness.[5] In support of this observation, the state aptly has cited in its brief numerous examples of habeas court decisions in which such courts have adjudicated petitions for writs of habeas corpus in an expedited manner because they involved the rights of petitioners who, like the defendant in the present case, were facing issues related to deportation. Moreover, the defendant has not cited any legal authority that stands for the proposition that, in the present circumstances, in which deportation was imminent, the writ of habeas corpus is not an adequate legal remedy. In light of the foregoing, we conclude that the court properly dismissed the petition for a writ of error coram nobis.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The court delivered its decision orally at the conclusion of the hearing, but later created a signed transcript of its decision in compliance with Practice Book § 64-1 (a).

[2] In his brief to this court, the defendant represents that an appeal from the decision of the United States Immigration Court is pending and that he is presently incarcerated under the authority of the United States Department of Homeland Security at a facility in Alabama.

[3] The defendant argues: "Were a writ of error coram nobis be allowed, on remand, for the instant case, a hearing in Superior Court on all factual issues presented by [the defendant's] circumstances could likely be scheduled within weeks, at worst. This is not so for an application for a writ of habeas corpus: scheduling delays are well-known to practitioners and judges alike."

[4] Because we conclude that dismissal of the petition was proper because there was at least one other remedy available to the defendant, we do not reach the state's alternative argument in which it calls into question the viability of the writ of error coram nobis. See also *State* v. *Stephenson*, 154 Conn. App. 587, 590 n.4,    A.3d    (2015) (upholding dismissal of petition for writ of error coram nobis because "even if the [writ of error coram

nobis] does exist, the prerequisites for granting relief were not met"); *State v. Carter*, 142 Conn. App. 156, 161 n.5, 64 A.3d 366 (2013) ("[*a*]*ssuming* that the writ of error coram nobis exists, we conclude that the court lacked jurisdiction over the petitions at issue herein" [emphasis in original]).

[5] There is nothing in the record to suggest that the defendant has filed a petition for a writ of habeas corpus related to the issue set forth in the present petition.