******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ANTHONY CARTER *v.* COMMISSIONER
OF CORRECTION
(AC 43372)

Bright, C. J., and Cradle and Suarez, Js.

*Syllabus*

The petitioner, who previously had been convicted of the crimes of assault
in the first degree, attempt to commit assault in the first degree, risk
of injury to a child and criminal possession of a firearm, sought a fifth
writ of habeas corpus, claiming that his trial counsel had provided
ineffective assistance and that his right to due process had been violated.
The habeas court rendered judgment dismissing the petition in part on
the grounds that, pursuant to the applicable rule of practice (§ 23-29
(3)), the petitioner's claims were successive and barred by the doctrines
of res judicata or collateral estoppel. Thereafter, the habeas court denied
the petition for certification to appeal, and the petitioner appealed to
this court. *Held*:

1. The habeas court did not abuse its discretion in denying the petition for
certification to appeal, the petitioner having failed to demonstrate that
his claims involved issues that were debatable among jurists of reason,
that a court could resolve the issues in a different manner, or that the
questions raised were adequate to deserve encouragement to proceed
further.

2. The petitioner could not prevail on his claim that the habeas court erred
in concluding that his ineffective assistance of counsel claims were
barred by the doctrine of res judicata, which was based on his contention
that, as a self-represented litigant in his previous habeas actions, he
lacked the skill and expertise to ascertain the facts underlying his present
claims, and, therefore, they were not reasonably available to him;
because the petitioner chose to represent himself through all of his
postconviction proceedings rather than exercising his statutory right
to counsel, to countenance his contention would be contrary to our
jurisprudence and fundamentally unfair to the respondent Commis-
sioner of Correction and to others who have an interest in the finality
of the petitioner's conviction.

3. The petitioner's claim that the habeas court erred in concluding that his
due process claim was barred by the doctrine of collateral estoppel was
unavailing; although the petitioner reworded the nature of his claim and
the theory on which it was based, it was clear that he had previously
litigated the relevant issue of whether a diagram pertaining to the state's
ballistics evidence that was admitted into evidence at his criminal trial
was the product of fraud, as the integrity of the ballistics evidence had
been the subject of extensive postconviction litigation by the petitioner.

Argued January 11—officially released April 13, 2021

*Procedural History*

Amended petition for a writ of habeas corpus,
brought to the Superior Court in the judicial district of
Tolland, where the court, *Newson, J.*, rendered judg-
ment dismissing the petition in part; thereafter, the peti-
tioner withdrew the remaining count of the petition;
subsequently, the court denied the petition for certifica-
tion to appeal, and the petitioner appealed to this court.
*Appeal dismissed.*

*Justine F. Miller*, assigned counsel, for the appellant
(petitioner).

*Jonathan M. Sousa*, deputy assistant state's attorney,
with whom, on the brief, were *Gail P. Hardy*, executive
assistant state's attorney, and *Jo Anne Sulik*, senior

assistant state's attorney, for the appellee (respondent).

*Opinion*

CRADLE, J. The petitioner, Anthony Carter, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing in part his fifth petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion in denying his petition for certification to appeal and erred in dismissing in part his habeas petition on the grounds that, pursuant to Practice Book § 23-29,[1] his claims of ineffective assistance of counsel and violation of his right to due process were successive and barred by the doctrines of res judicata or collateral estoppel. We dismiss the appeal.

"This case arises from the terrible consequences of a drug turf war. During a Fourth of July block party in the area of Enfield and Garden Streets in Hartford, a seven year old girl was struck by a stray bullet that caused serious injuries." *State* v. *Carter*, 84 Conn. App. 263, 265, 853 A.2d 565, cert. denied, 271 Conn. 932, 859 A.2d 931 (2004), cert. denied, 544 U.S. 1066, 125 S. Ct. 2529, 161 L. Ed. 2d 1120 (2005). The following facts and procedural history, which were set forth by this court in the petitioner's appeal from the denial of his fourth habeas petition, are relevant to the petitioner's present appeal. "In 2002, after a jury trial, the petitioner was found guilty of assault in the first degree in violation of General Statutes § 53a-59 (a) (5), attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (5), risk of injury to a child in violation of General Statutes [Rev. to 2001] § 53-21 (a) (1) and criminal possession of a firearm in violation of General Statutes [Rev. to 2001] § 53a-217 (a) (1). The trial court rendered judgment accordingly and sentenced the petitioner to a total effective term of twenty-seven years [of] incarceration. A direct appeal to this court followed.

"In affirming the judgment of conviction, this court concluded, inter alia, that the evidence adduced at trial was sufficient to support the conviction of assault in the first degree and risk of injury to a child.[2] More specifically, this court stated that the evidence adduced at trial was sufficient to establish that the petitioner shot the victim. [Id., 270].

"In 2004, the petitioner filed his first petition for a writ of habeas corpus in which he raised fourteen claims.[3] That petition was denied by the habeas court. The petitioner then appealed following the court's denial of his petition for certification to appeal, claiming that the court abused its discretion in denying his petition for certification and in denying his petition as unfounded. This court dismissed that appeal in *Carter* v. *Commissioner of Correction*, 106 Conn. App. 464, 942 A.2d 494, cert. denied, 288 Conn. 906, 953 A.2d 651 (2008).

"The petitioner then filed a second petition for a writ of habeas corpus on March 6, 2007. In a supplemental memorandum attached to his petition, the petitioner raised four claims.[4] The court summarily dismissed the petitioner's second petition on its own motion, without an evidentiary hearing and before the respondent, the [C]ommissioner of [C]orrection, had filed her reply. The court stated in its judgment of dismissal that [a]fter having reviewed the . . . petition, the court finds the petition to be res judicata and dismisses the petition pursuant to Practice Book § 23-29 (3). . . . *Carter* v. *Commissioner of Correction*, 109 Conn. App. 300, 304, 950 A.2d 619 (2008). The court subsequently denied the petition for certification to appeal. On appeal, this court concluded that the record was inadequate to review the petitioner's claim and, therefore, dismissed the appeal. Id., 307.

"In October, 2007, the petitioner initiated a third habeas action in which he alleged that the state had withheld exculpatory evidence [specifically, ballistics evidence pertaining to a nine page report prepared by the investigating officer in which he misidentifies an item of evidence marked E-9 as a .45 caliber shell casing] in violation of *Brady* v. *Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). After a full hearing, the habeas court concluded that there was no *Brady* violation and denied the petition. See *Carter* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-07-4002005 (January 22, 2010). The petitioner then appealed following the court's denial of his petition for certification to appeal, and this court subsequently dismissed that appeal in *Carter* v. *Commissioner of Correction*, 131 Conn. App. 905, 28 A.3d 360 (2011).

"On November 21, 2007, the petitioner filed a motion to correct an illegal sentence. In his motion, he argued that the trial court, in rendering its sentence, improperly considered an argument the prosecutor had made to the jury during closing argument that certain evidence suggested that the petitioner had fired a nine millimeter firearm. See *State* v. *Carter*, 122 Conn. App. 527, 529–30, 998 A.2d 1217 (2010), cert. denied, 300 Conn. 915, 13 A.3d 1104 (2011). The trial court denied that motion and, after reviewing the record, this court affirmed the judgment, concluding that there was nothing in the record to indicate that the court relied on any misstated or inaccurate information in sentencing the petitioner. Id., 532.

"On January 29, 2010, the petitioner initiated [his fourth] habeas action." (Footnote added; footnotes in original; internal quotation marks omitted.) *Carter* v. *Commissioner of Correction*, 133 Conn. App. 387, 388–91, 35 A.3d 1088, cert. denied, 307 Conn. 901, 53 A.3d 217 (2012). By an amended petition dated March 1, 2010, the petitioner alleged that his trial counsel rendered ineffective assistance during sentencing by failing to

preserve his right of sentence review. Id., 391. He also asserted three arguments that the evidence was insufficient to sustain his conviction. Id. The habeas court dismissed the petition on the ground that his claims were successive and barred by res judicata. Id., 391–92. The petitioner appealed the dismissal of his habeas petition on the ground that his claims were neither successive nor barred by res judicata because the petition sought a different form of relief than his previous petitions. Id., 392. He further contended that his claims were not barred by the doctrine of res judicata because they were not actually litigated in his prior petitions. Id. This court agreed that the petitioner's sufficiency claims were barred by res judicata; id., 395; but that his ineffective assistance claim regarding his counsel's failure to preserve his right to sentence review was not barred by res judicata because the claim had not been previously litigated. Id., 396–97. Accordingly, this court reversed the judgment of the habeas court as to the petitioner's claim of ineffective assistance of counsel and remanded the case to the habeas court for further proceedings on that claim.[5] Id., 397.

In his previous habeas actions, the petitioner appeared as a self-represented party. In this habeas action—the petitioner's fifth—he was represented by counsel and alleged, by way of his petition dated May 20, 2019, that his trial counsel was ineffective in failing to perfect a third-party culpability defense and failing to formulate an effective theory of defense in response to the state's ballistic evidence. The petitioner also alleged that his right to due process was violated when the state perpetrated "a fraud upon the court" by allegedly altering certain evidence, specifically, a diagram pertaining to the ballistics evidence that was admitted at trial.[6] In response, the respondent alleged that the petition was successive pursuant to Practice Book § 23-29 (3) and that the claims raised therein were barred by res judicata or collateral estoppel because they presented the same legal grounds as the petitioner's previously litigated actions, and the petitioner had not shown that any of the claims were based on facts that were not reasonably available to him when the prior habeas actions were filed.

On May 22, 2019, the habeas court, sua sponte, ordered a hearing on whether the petition should be dismissed as successive and whether the petitioner's claims were barred by res judicata or collateral estoppel. Both parties filed memoranda of law in support of their respective positions, and the court held a hearing on June 18, 2019, during which the petitioner argued that, although he previously had litigated claims of ineffective assistance of his trial counsel, the factual bases of those claims were different. Furthermore, he claimed that he previously had been unable to discover the facts underlying his current claims because he represented himself in those actions. He also argued that his due

process claim was premised on a legal ground that he had not asserted previously.

The court dismissed the petitioner's claims orally from the bench, expressly rejecting his contention that he should be absolved from the legal requirements prohibiting successive petitions on the ground that he represented himself. The court found that the petitioner had made "a conscious choice" to represent himself in his prior habeas actions and held that his status as a self-represented party did not allow him to engage in "piecemeal litigation" by asserting new factual bases for his ineffective assistance of counsel claims. The court concluded that, because the facts underlying the petitioner's current claims of ineffective assistance of counsel could have been discovered through reasonable diligence in the petitioner's prior habeas actions, those claims were barred by res judicata. The court also found that the petitioner's claim that his right to due process was violated because a diagram admitted into evidence was fraudulently altered previously had been litigated and was, therefore, barred by res judicata and/or collateral estoppel. Accordingly, the court dismissed in part the petition for writ of habeas corpus and thereafter denied certification to appeal from that judgment. This appeal followed.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, [the petitioner] must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . . To prove that the denial of his petition for certification to appeal constituted an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . .

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Internal quotation marks omitted.) *Haywood* v. *Commissioner of Correction*, 194 Conn. App. 757, 763–64, 222 A.3d 545 (2019), cert. denied, 335 Conn. 914, 229 A.3d 729 (2020).

"The conclusions reached by the [habeas] court in

its decision to dismiss [a] habeas petition are matters of law, subject to plenary review. . . . [When] the legal conclusions of the court are challenged, [the reviewing court] must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 566, 941 A.2d 248 (2008). "To the extent that factual findings are challenged, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . ." (Internal quotation marks omitted.) *Grant* v. *Commissioner of Correction*, 121 Conn. App. 295, 298, 995 A.2d 641, cert. denied, 297 Conn. 920, 996 A.2d 1192 (2010). With these principles in mind, we address the petitioner's claims in turn.

I

The petitioner first claims that the habeas court erred in concluding that his ineffective assistance of counsel claims were barred by the doctrine of res judicata. He argues that they are not barred by res judicata because they are based on facts pertaining to a third-party culpability claim that he could not have discovered previously because he was not represented by counsel in his prior habeas actions.[7] We are not persuaded.

"Our courts have repeatedly applied the doctrine of res judicata to claims duplicated in successive habeas petitions filed by the same petitioner. . . . In fact, the ability to dismiss a petition [if] it presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition is memorialized in Practice Book § 23-29 (3). . . .

"Pursuant to Practice Book § 23-29 (3), [i]f a previous [petition] brought on the same grounds was denied, the pending [petition] may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing. . . . [A] petitioner may bring successive petitions on the same legal grounds if the petitions seek different relief. . . . But where successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition." (Citations omitted; internal quotation marks omitted.) *Gudino* v. *Commissioner of Correction*, 191 Conn. App. 263, 270–71, 214 A.3d 383, cert. denied, 333 Conn. 924, 218 A.3d 67 (2019).

This court has held that, "in the absence of allegations and facts not reasonably available to the petitioner at the time of the original petition or a claim for different relief, a subsequent claim of ineffective assistance directed against the same counsel is subject to dismissal

as improperly successive. . . . Identical grounds may be proven by different factual allegations, supported by different legal arguments or articulated in different language. . . . However they are proved, the grounds that the petitioner asserted are identical in that each alleges ineffective assistance of counsel, and, therefore, the habeas petition was properly dismissed." (Citation omitted; internal quotation marks omitted.) Id., 272.

Here, the petitioner concedes that his claims of ineffective assistance of counsel have been litigated. He nevertheless contends that they are not barred by res judicata because, as a self-represented litigant, he lacked the skill and expertise to ascertain the facts underlying his present claims of ineffective assistance. In other words, he now claims that the facts underlying his present claims were based on facts or evidence not reasonably available to him during prior proceedings because, at the time of those proceedings, he was a self-represented party, and now, with counsel, he is aware of the facts or evidence and wishes to raise them despite having litigated these claims previously.

In support of his argument, the petitioner relies on the following language in *Gaskin* v. *Commissioner of Correction*, 183 Conn. App. 496, 520, 193 A.3d 625 (2018): "[W]e cannot expect an incarcerated individual such as the petitioner, after appellate counsel has been permitted to withdraw by the Superior Court, to then be able to develop new claims from the confines of prison. Such expectations defy reason." That reasoning was applied, however, in the procedural context presented in *Gaskin* where the court permitted the petitioner's counsel to withdraw from his case, leaving the petitioner with no choice but to represent himself. This case is distinguishable from *Gaskin* because the petitioner here chose to represent himself, repeatedly and consistently, over the course of almost two decades, and in numerous proceedings, since the date of his conviction.

This court has explained: "Although we allow [self-represented] litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law. . . . There, however, comes a point at which granting *too much* latitude to self-represented parties can simply be unfair to their adversaries." (Citation omitted; internal quotation marks omitted.) *Woods* v. *Commissioner of Correction*, 197 Conn. App. 597, 608–609, 232 A.3d 63, cert. granted, 335 Conn. 938,     A.3d     (2020).

It is clear from the extensive history of this case, that the petitioner has been afforded several opportunities to fully and fairly challenge his conviction and that he has been given significant latitude to do so as a self-represented litigant. In particular, he freely admits that he has previously litigated his ineffective assistance of

counsel claims. He also all but concedes that, if he were represented by counsel when he previously pursued those claims, his present claims would be barred by res judicata. He claims, however, that we essentially should fashion a new rule that would allow a petitioner who represented himself in one or more habeas cases to reassert claims in a later habeas case in which he is represented by counsel, because he was not able effectively to litigate the claims in the earlier cases because he is not a trained lawyer. Such a rule would permit a petitioner to manipulate the habeas corpus process and would turn the statutory right to counsel in habeas proceedings on its head. The petitioner chose to represent himself through all of his prior postconviction proceedings. He chose not to exercise his statutory right to counsel. To countenance his argument that he has been unable to ascertain the facts underlying his present claims because he chose to represent himself would be contrary to our jurisprudence and fundamentally unfair to the respondent and others who have an interest in the finality of the petitioner's conviction. We therefore reject the petitioner's argument and conclude that the habeas court properly dismissed the petitioner's ineffective assistance of counsel claims as successive.

## II

The defendant also claims that the habeas court erred in concluding that his due process claim was barred by the doctrine of collateral estoppel.[8] We disagree.

The same policy considerations that we have relied on to circumscribe the application of the doctrine of res judicata to habeas proceedings guide us in applying the doctrine of collateral estoppel in this context. "The common-law doctrine of collateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy, the stability of former judgments and finality. . . . Collateral estoppel . . . is that aspect of res judicata [that] prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment. . . .

"An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered. . . . [C]ollateral estoppel [is] based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . Stability in judgments grants to parties and others the certainty in the management of their

affairs which results when a controversy is finally laid to rest." (Citation omitted; internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 168 Conn. App. 294, 310–11, 145 A.3d 416, cert. denied, 323 Conn. 937, 151 A.3d 385 (2016).

The petitioner claims that his right to due process was violated because, at trial, a diagram portraying the state's preliminary theory regarding certain ballistics evidence was admitted into evidence without a label identifying it as having been prepared by the Hartford Police Department. The petitioner argues that the label was removed by the state prior to the diagram's admission into evidence, constituting a fraud on the court and a violation of his constitutional right to due process.[9] The integrity of the state's ballistics evidence has been the subject of extensive postconviction litigation by the petitioner.

Most recently, the petitioner filed a motion to set aside his conviction, claiming " 'after-discovered fraud on the court,' " involving the same ballistics report at issue in this case. *State* v. *Carter*, Superior Court, judicial district of Hartford, Docket No. HHD-CR-01-553550 (October 30, 2017). The trial court, *Schuman, J.*, concluded, inter alia, that the petitioner's claim was barred by collateral estoppel and dismissed his motion because the petitioner had previously raised the same issue in a previously filed motion to open and set aside his judgment of conviction. Id. Although the petitioner filed an appeal from Judge Schuman's decision, he did so on other grounds and did not challenge Judge Schuman's collateral estoppel determination on appeal. In affirming that judgment, this court recounted: "On June 20, 2017, the [petitioner] filed a motion to set aside the judgment. Therein, the [petitioner] claimed 'after-discovered fraud on the court.' . . . In his memorandum of law in support of the operative motion, the [petitioner] expounded 'that the prosecution altered, concealed and/or removed from the trial proceedings documents prepared by the Hartford Police Department with purpose to impair its verity and availability, and that the prosecution passed the altered document off to the defense, representing it to be "[simply] a distance" measurement, knowing it to be false.' On August 3, 2017, the state moved to dismiss the operative motion, arguing that the trial court lacked subject matter jurisdiction. The trial court . . . granted the state's motion on October 30, 2017. . . .

"In the court's ruling, it detailed part of the [petitioner's] 'voluminous history' of postconviction litigation, including a motion to open and set aside the judgment of conviction filed in 2010. The [petitioner] based his 2010 motion on 'fraud concerning ballistics evidence and reports prepared by the Hartford Police Department about that evidence.' . . . That motion was denied by the court, *Gold, J.*, on two grounds: (1) 'the

motion was filed well beyond the four month period after the entry of the criminal conviction and judgment'; and (2) 'the motion was barred by collateral estoppel in that Judge Nazzaro had rejected the same claim in the [petitioner's] third habeas petition.'  Applying this history to the operative motion, Judge Schuman concluded that the [petitioner's] claim bore 'only semantic differences from the [petitioner's] claim . . . raised in [the 2010] motion to open.' As that claim had already been considered and rejected multiple times before, most recently by Judge Gold and this court, the trial court concluded that it 'necessarily must grant the state's motion to dismiss . . . .' " (Footnotes omitted.) *State* v. *Carter*, 194 Conn. App. 202, 204–205, 220 A.3d 882 (2019).[10]

In the present case, the petitioner claims that the absence of the label indicating that the diagram had been created by the Hartford Police Department caused the diagram to "[lose] its effectiveness" because it failed to depict the initial theory that the victim was injured by a bullet from a gun that did not belong to the petitioner. He claims that the state perpetrated a fraud on the trial court because it removed the label prior to giving it to his counsel. Although the petitioner has reworded the nature of his claim and the legal theory on which it is based, he cannot escape the fact that he previously has litigated the issue of whether the diagram was the product of fraud. Because the petitioner litigated issues regarding the ballistics evidence in his third habeas action and his two subsequent motions to open and set aside his conviction, the habeas court in this case properly concluded that the issue of fraud as to the diagram pertaining to the ballistics evidence, as set forth in this fifth habeas petition, is barred by collateral estoppel.

On the basis of our analysis and conclusions in parts I and II of this opinion, we conclude that the petitioner has failed to prove that the resolution of the underlying claims involves issues that are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further, and, therefore, the habeas court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . ."

[2] The petitioner did not challenge the sufficiency of the evidence supporting his conviction of the other crimes.

[3] "The petitioner amended his first petition several times, finally claiming that (1) there was insufficient evidence to prove beyond a reasonable doubt the element of intent for assault in the first degree, (2) the prosecution

knowingly elicited perjured testimony during the criminal trial, (3) prosecutorial impropriety transpired, (4) his arrest warrant contained false statements and material omissions in violation of *Franks* v. *Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), (5) the trial court impermissibly amended the information on the charge of assault in the first degree during its instruction to the jury, (6) his arrest was illegal on the charge of attempt to commit assault in the first degree, (7) the trial court improperly instructed the jury on the element of intent, (8) the conviction of assault in the first degree and risk of injury to a child is legally inconsistent, (9) the conviction of assault in the first degree and attempt to commit assault in the first degree violates the constitutional protection against double jeopardy, (10) § 53a-59 is unconstitutionally vague, (11) . . . § 53-21 is unconstitutionally vague, (12) he received ineffective assistance of trial counsel, (13) he received ineffective assistance of appellate counsel and (14) he was actually innocent of the crime of assault in the first degree. See *Carter* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-04-4000182-S (May 4, 2006)." *Carter* v. *Commissioner of Correction*, 133 Conn. App. 387, 389 n.3, 35 A.3d 1088, cert. denied, 307 Conn. 901, 53 A.3d 217 (2012).

[4] "In his second petition for a writ of habeas corpus, the petitioner claimed that (1) the prosecuting authority deliberately deceived the court and jurors in order to obtain his conviction, (2) the state's argument on direct appeal deliberately deceived the Appellate Court in order to have his conviction affirmed, (3) his trial counsel rendered ineffective assistance when he failed to call certain adverse witnesses and (4) his trial counsel rendered ineffective assistance when he failed to object to the prosecutor's false or misleading argument to the jury. *Carter* v. *Commissioner of Correction*, [109 Conn. App. 300, 304 n.4, 950 A.2d 619 (2008)]." *Carter* v. *Commissioner of Correction*, 133 Conn. App. 387, 390 n.4, 35 A.3d 1088, cert. denied, 307 Conn. 901, 53 A.3d 217 (2012).

[5] Subsequently, the petitioner's sentence was reviewed by the sentence review division of the Superior Court, which concluded that the petitioner's sentence was appropriate and not disproportionate. *State* v. *Carter*, Superior Court, judicial district of Hartford, Docket No. HHD-CR-01-553550 (June 24, 2014).

[6] In his third amended petition, the petitioner also alleged that his trial counsel was ineffective in not obtaining presentence jail credit for him. He subsequently withdrew this claim.

[7] The petitioner does not specify the new facts that he had been unable to ascertain without counsel.

[8] The habeas court concluded that the petitioner's due process claim was barred by res judicata and/or collateral estoppel. The petitioner has challenged the applicability of both of those doctrines. Because we conclude that the petitioner's claim is barred by collateral estoppel, we need not address his res judicata argument as it relates to this claim.

[9] We note that the diagram at issue, which was disclosed to the petitioner's trial counsel in advance of trial, was admitted into evidence by the petitioner's trial counsel. His trial counsel, therefore, was in possession of the diagram prior to offering it as a trial exhibit and was able to observe that there was no label on the diagram. His due process claim thus stems from a document that his own counsel presented to the jury.

[10] In dismissing the petitioner's motion to set aside the judgment, Judge Schuman also noted: "The [petitioner] makes no clear claim or allegation in his motion papers that the conduct of the prosecution in this case was, at the very least, directed at the court itself and, in fact, deceived the court. The [petitioner] has instead merely attempted to fit his previous claim that there was fraud concerning the Hartford police ballistics reports into a doctrine that might possibly circumvent the previous rulings against him. There is no such fit in this case."